IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| CONTINENTAL CASUALTY COMPANY,<br><br>Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>AWP USA INC. a/k/a AGA, Inc.,<br><br>Defendant/Counterclaim Plaintiff. | Case No. 3:19-CV-00661-MHL |

## PLAINTIFF/COUNTERCLAIM DEFENDANT CONTINENTAL CASUALTY COMPANY'S NOTICE OF OBJECTION

Pursuant to Section C of the Court's Initial Pre-Trial Order (ECF No. 49), Plaintiff/Counterclaim Defendant Continental Casualty Company ("Continental") submits this Notice of Objection stating the nature of a discovery dispute between Continental and Defendants AWP USA Inc., AGA Service Company d/b/a Allianz Global Assistance, and Jefferson Insurance Company (collectively, "Allianz") and citing the rules invoked.

**A.      Conferral Certification**

Pursuant to Paragraph 22 of the Court's Initial Pre-Trial Order, undersigned counsel certifies that the parties have made a good faith effort to resolve this discovery dispute without involving the Court but have been unable to do so.  Copies of letters sent by Continental on September 2, 2021; September 27, 2021; and October 26, 2021 are attached as Exhibits A-C, and Allianz's letter of October 29, 2021 is attached as Exhibit D.  The parties also had a meet and confer call on September 29, 2021 and have exchanged more informal meet and confer communications regarding these issues, including by phone and email.

### B. Nature of Dispute and Rules Invoked

Continental served requests for the production of documents (the "Requests") on August 13, 2021. Allianz served its objections on [date] and provided written responses to the Requests on September 13, 2021 but has yet to produce *any* documents or a privilege log. On October 29, 2021, Allianz stated that it will "begin" its "rolling production as soon as reasonably practicable" but did not commit to a date either on which it would begin its production or when its production would be complete. Allianz asserts that, despite serving its initial disclosures on November 18, 2019 and receiving Continental's document requests on August 13, 2021, it has not yet obtained permission from some undisclosed person(s) or entity(ies) to produce certain responsive documents. Regardless of Allianz's inexplicable delay for this subset of responsive documents, there is no valid reason why it has not produced all other responsive documents and logged any as to which it asserts privilege. Allianz's delay of more than fifty-two days since the documents should have been produced prejudices Continental's ability to defend itself against Allianz's counterclaim and its ability to develop information timely during discovery. Allianz should be compelled to produce responsive documents immediately. Until Allianz produces documents and an adequate privilege log, Continental cannot fully identify all deficiencies in Allianz's response and its assertion of privilege or other protection, and reserves all rights in that regard. However, the deficiencies addressed in this Notice of Objection, at a minimum, are ripe for resolution at this time.

Allianz's responses to the Requests are rife with improper boilerplate objections. *See, e.g., Acosta v. Med. Staffing of Am., LLC,* No. 2:18CV226, 2019 WL 6122016, at *4 (E.D. Va. Mar. 15, 2019) ("Generalized, boilerplate objections . . . are highly disfavored in the Fourth Circuit.") (internal quotation marks and citations omitted); *Spendlove v. RapidCourt, LLC*, No.

3:18-CV-856, 2019 WL 7143664, at *3 (E.D. Va. Dec. 23, 2019) ("The principle problems with general objections are that (1) they reach so broadly that the requesting party cannot determine what is being answered or responded to and what is not; and (2) the generality obscures what the general objection is foreclosing from discovery.").

In particular, Allianz objects to almost all of the Requests as "overly broad" and "unduly burdensome." "[M]erely stating that a discovery request is "overbroad" or "unduly burdensome" will not suffice to state a proper objection." *Deutsche Bank Nat'l Tr. Co. v. Fegely,* No. 3:16CV147, 2020 WL 201048, at *6 (E.D. Va. Jan. 13, 2020). Rather, "[i]n order to overcome the liberal construction afforded by the federal discovery rules, a party objecting on the grounds that a request is overly burdensome must submit affidavits or other evidence indicating with specificity the nature and extent of the burden." *Id.* The mere fact that a discovery request would require significant time and expense to search for and produce responsive documents is an insufficient basis to object to such discovery. *See id.* Yet Allianz wholly fails to explain why each specific request to which they object is too broad or why searching for and producing or logging the responsive discovery would subject it to an undue burden.

Similarly, Allianz objects to numerous Requests on the grounds that they seek "irrelevant" information. For purposes of the permissible scope of discovery, "[r]elevance is construed broadly to include '[a]ny matter that bears on, or that reasonably could lead to another matter that could bear on, any issue that is or may be in the case.'" *Deutsche Bank Nat'l Tr. Co.*, 2020 WL 201048, at *6 (quoting *Cappetta v. GC Servs. Ltd. P'ship*, 2008 WL 5377934, *7 (E.D. Va. 2008) (citation omitted)). "A request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." *Id.* (internal quotation marks and citation omitted). Moreover, as the party resisting discovery,

3

the burden is on Allianz "to show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each interrogatory [or request for production] is not relevant." *Cappetta v. GC Servs. Ltd. P'ship,* No. CIV. A. 3:08CV288, 2008 WL 5377934, at *2 (E.D. Va. Dec. 24, 2008) (internal quotation marks and citations omitted); *see also Spendlove v. RapidCourt, LLC,* No. 3:18-CV-856, 2019 WL 7143664, at *5 (E.D. Va. Dec. 23, 2019) ("When discovery sought appears relevant on its face, the party resisting the discovery has the burden to establish that the requested discovery does not come within the scope of relevance, ... or is of such marginal relevan[ce] that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.") (internal quotation marks and citation omitted). Allianz may not unilaterally determine what information is relevant without providing sufficient information for Continental to evaluate this assertion. Yet, with rare exception, wholly fails to explain why the discovery sought is not relevant to any party's claims or defenses in this litigation.

Allianz should not be entitled to withhold discovery on the basis of these boilerplate objections. Such objections are particularly inappropriate here as the Requests are narrowly tailored to seek easily identifiable documents that are clearly relevant to this coverage litigation, such as:

- Unredacted pleadings and unredacted briefing of any dispositive motions in the Underlying Actions, to the extent not publicly available (Request Nos. 9 & 10);

- Pleadings, orders, and written submissions to the arbitrator(s) in the Smith Action (Request No. 11);

- Written discovery responses served by any party in the Underlying Actions (Request No. 12);

- Expert reports served in the Underlying Actions (Request No. 13);

- Mediation statements in the Underlying Actions (Request No. 14); and

4

- Settlement communications in the Underlying Actions and documents relating to any actual or potential settlement of the Underlying Actions (Request Nos. 15 & 16).

In addition, Allianz objects to producing numerous documents on the grounds that they are themselves confidential or that they contain confidential and/or proprietary business information that can only be disclosed pursuant to a mutually agreeable protective order from this Court and permission from the appropriate underlying court/parties. These objections are improper because the Court has entered a mutually agreed protective order to enable to the protection of just such material. *See, e.g., Virmani v. Novant Health Inc.,* 259 F.3d 284, 288 n.4 (4th Cir. 2001) ("There is an important distinction between privilege and protection of documents, the former operating to shield the documents from production in the first instance, with the latter operating to preserve confidentiality when produced. An appropriate protective order can alleviate problems and concerns regarding both confidentiality and scope of the discovery material produced in a particular case."); *Oppenheimer v. Episcopal Communicators, Inc.,* No. 1:19-CV-00282-MR, 2020 WL 4732238, at *5-6 (W.D.N.C. Aug. 14, 2020) (finding objections on the basis that the information requested is confidential and/or contains confidential and proprietary business information without merit where protective order had been entered). To the extent that Allianz (or one of its partners) contends there are joint defense agreements, confidentiality agreements, and/or protective orders that prevent the production of otherwise responsive documents notwithstanding the protective order, Allianz must produce copies of those agreements/orders so that Continental can determine whether they in fact prohibit production. At an absolute minimum, Allianz must log any documents or information withheld or redacted on the basis of these objections to enable Continental to evaluate the propriety of these objections.

5

As a result, Continental submits this Notice of Objection regarding Allianz's responses to the Requests:

| **Continental's Requests** | **Allianz's Objections/Responses** |
|---|---|
| Request No. 2: All documents referenced in Exhibit B to Defendants' initial disclosures, including any amendment or supplement thereto, in this action. | Objections: Defendants object to this request, as it is overly broad, unduly burdensome, and seeks confidential and/or proprietary business information. The request is overbroad and burdensome in that it asks Defendants to produce documents that are already in Continental's possession or are freely available in the public records. The request also seeks documents that contain confidential and/or proprietary business information that can only be disclosed pursuant to a mutually agreeable protective order from this Court, permission from the appropriate underlying court/parties, and with appropriate redactions to protect commercially sensitive information that is irrelevant to the issues in this case. Defendants further object to the extent that certain documents contain information protected by the attorney-client privilege, work product doctrine, and joint defense privilege.[2]<br><br>[2] Numerous requests propounded by Continental overlap with the categories of documents listed in Exhibit B of Defendants' initial disclosures. These include, but are not limited to, Request Nos. 4, 5, 6, 7, 8, 17, and 18. While Defendants state specific objections to these requests herein, they hereby incorporate the objections to Request No. 2 by reference.<br><br>Response: Exhibit "B" to Defendants' Initial Disclosures lists 21 categories of documents, of which Continental is fully in possession of the documents in categories 1 through 13, 20, and 21. Defendants maintain that Continental's request for these documents is overbroad and burdensome because these materials are already in Continental's possession or freely available in the public records, and Defendants accordingly will not re-produce these materials. As to the remaining categories of documents, Defendants answer as follows:<br>• Category 14 – "All invoices for legal fees and costs provided by each of the airlines to AWP for reimbursement under their respective marketing agreements with AWP."<br>   o Answer: Defendants will produce all such invoices for all partners at issue in this action (not just the airlines) subject to (1) the |

|  |  | partners' permission to produce those invoices, and (2) the necessary redactions to protect privileged information. Defendants are only in possession of these invoices pursuant to the joint defense privilege. Because Defendants cannot share these invoices without partner consent and are unable to waive the attorney-client privilege or work-product protection attached to these documents, Defendants can only produce them with the redactions necessary to protect against disclosure of attorney-client and work product information. Defendants intend to contact their partners to attempt to secure permission to produce the documents in question with appropriate redactions.<br>• Category 15 – "All invoices for legal fees and costs incurred by AWP in connection with the putative class action lawsuits."<br>   ○ Answer: Defendants will produce all such invoices in connection with all Underlying Actions subject to (1) the partners' permission to produce those invoices, and (2) the necessary redactions to protect privileged information. Certain invoices within this category are protected by the joint defense privilege. Because Defendants cannot share these invoices without partner consent and are unable to waive the attorney-client privilege or work-product protection attached to these documents, Defendants can only produce them with the redactions necessary to protect against disclosure of attorney-client and work product information. Defendants intend to contact their partners to attempt to secure permission to produce the documents in question with appropriate redactions. Defendants will also produce the settlement agreements referenced in their answer to Request No. 16 subject to their objections and answer to that request.<br>• Category 16 – "All demands for indemnity from each of the airlines under their respective marketing agreements with AWP." |

| | |
|---|---|
| |     ○ Answer: Defendants will conduct a reasonable search for and produce all such documents for all partners at issue in this action (not just the airlines).<br>• Category 17 – "Correspondence between AWP and the airlines regarding the airlines' indemnity demands under their respective marketing agreements with AWP."<br>    ○ Answer: Defendants will conduct a reasonable search for and produce all such documents for all partners at issue in this action (not just the airlines) with the exception of any correspondence protected by the attorney-client privilege and/or work product doctrine.<br>• Category 18 – "Correspondence between AWP and brokers or other third-parties regarding the marketing agreements and/or the airline indemnity demands."<br>    ○ Answer: Defendants will conduct a reasonable search for and produce all such documents for all partners at issue in this action (not just the airlines) with the exception of any correspondence protected by the attorney-client privilege and/or work product doctrine.<br>• Category 19 – "Correspondence between AWP and brokers or other third-parties regarding AWP's claims for insurance coverage."<br>    ○ Answer: Defendants will conduct a reasonable search for and produce all such documents with the exception of any correspondence protected by the attorney client privilege and/or work product doctrine. |
| Request No. 3: All documents that you contend support your request for relief and for damages in this action. | Objections: Defendants object to this request as overly broad and unduly burdensome to the extent it asks Defendants to produce documents that are already in Continental's possession or are freely available in the public records.<br><br>Response: This request substantively seeks the same documents encompassed by Request No. 2. Defendants accordingly incorporate their answer to Request No. 2 and will be producing documents on the same terms and subject to the same objections. Defendants also incorporate their |

8

| | |
|---|---|
| | answer to Request No. 16 and will be producing documents on the same terms and subject to the same objections. |
| <u>Request No. 4</u>: All communications between any of the Defendants and any other entity or person regarding any request for indemnification in connection with any of the Underlying Actions. | <u>Objection:</u> Defendants object to this request, as it is overly broad, unduly burdensome, seeks information that is irrelevant to the issues in this case, and is disproportional to the needs of this case. Defendants further object to this request to the extent it seeks communications between the Defendants and their attorneys, as these communications are protected by the attorney-client privilege and/or the work product doctrine.<br><br><u>Response:</u> Consistent with Categories 17 and 18 of Exhibit "B" of the Defendants' Initial Disclosures, Defendants will conduct a reasonable search for and produce (1) correspondence between Defendants and the partners at issue in this action regarding the partners' indemnity demands under their respective marketing agreements, and (2) correspondence between Defendants and their broker regarding the marketing agreements and/or the indemnity demands. Defendants will not produce any responsive communications with their attorneys, as these communications are protected by the attorney-client privilege and/or the work product doctrine. If this Request seeks documents beyond the scope of what Defendants will produce, Defendants incorporate and stand on their objections above, and will not produce documents responsive to this request absent a Court order. |
| <u>Request No. 5</u>: All agreements that any entity or person contends obligates any of the Defendants to indemnify any other entity or person with respect to any of the Underlying Actions. | <u>Objection:</u> Defendants object to this request, as it seeks confidential and/or proprietary business information between Defendants and their partners that can only be disclosed pursuant to a mutually agreeable protective order from this Court, permission from the appropriate underlying court/parties, and with appropriate redactions to protect commercially sensitive information that is irrelevant to the issues in this case.<br><br><u>Response:</u> The only responsive documents are the operative marketing agreements (and the relevant amendments) between Defendants and the partners at issue in this action. Defendants will produce these agreements subject to (1) the partners' permission to produce those agreements, and (2) with redactions necessary to protect commercially sensitive information that is irrelevant to the issues in this case. Defendants intend to contact their partners to attempt to secure permission to produce the documents in question. With respect to the redacted portions of the agreements, |

9

| | |
|---|---|
| | Defendants incorporate and stand on their objections above, and will not produce these portions absent a Court order. |
| <u>Request No. 6</u>: All documents relating to any request for indemnification made to any of the Defendants in connection with the Underlying Actions. | <u>Objection:</u> Defendants object to this request, as it is overly broad, unduly burdensome, seeks information that is irrelevant to the issues in this case, and is disproportional to the needs of this case. Defendants further object to this request to the extent it seeks communications between the Defendants and their attorneys, as these communications are protected by the attorney-client privilege and/or the work product doctrine.<br><br><u>Response:</u> Consistent with Categories 17 and 18 of Exhibit "B" of the Defendants' Initial Disclosures, Defendants will conduct a reasonable search for and produce (1) correspondence between Defendants and the partners at issue in this action regarding the partners' indemnity demands under their respective marketing agreements, and (2) correspondence between Defendants and their broker regarding the marketing agreements and/or the indemnity demands. Defendants will not produce any responsive communications with their attorneys, as these communications are protected by the attorney-client privilege and/or the work product doctrine. If this Request seeks documents beyond the scope of what Defendants will produce, Defendants incorporate and stand on their objections above, and will not produce documents responsive to this request absent a Court order. Further, it appears that this Request and Request No. 4 are substantively identical. If the Requests are different in scope, Defendants will require additional clarification. |
| <u>Request No. 7</u>: All documents relating to any payment by any Defendant on behalf of any other entity or person in connection with the Underlying Actions. | <u>Objection:</u> Defendants object to this request, as it is overly broad, unduly burdensome, seeks information that is irrelevant to the issues in this case, and is disproportional to the needs of this case. Defendants further object to this request to the extent it seeks communications between the Defendants and their attorneys or documents with content protected by the attorney-client privilege and/or the work product doctrine.<br><br><u>Response:</u> Defendants will produce documents evidencing or otherwise attesting to Defendants' payment of defense and indemnity costs incurred by Defendants and their partners in connection with the Underlying Actions. If this Request seeks documents beyond the scope of what Defendants will produce, Defendants incorporate and stand |

| | |
|---|---|
| | on their objections above, and will not produce documents responsive to this request absent a Court order. |
| <u>Request No. 8</u>: All documents relating to attorneys' fees and costs for which Defendants seek coverage in this action, including, but not limited to, all invoices or other billing records for fees and costs incurred and cancelled checks or other evidence of payment (e.g., wire transfer receipts). | <u>Objection</u>: Defendants object to this request as overly broad and unduly burdensome to the extent that responsive documents are already in Continental's possession. Defendants also object to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, and joint defense privilege. The content of invoices and billing records between AGA and its attorneys is protected by the attorney-client privilege and the work product doctrine. Further, the content of invoices between AGA and its attorneys or AGA's partners and their attorneys and/or AGA are protected by the attorney-client privilege, work product doctrine, and joint defense privilege.<br><br><u>Response:</u> Consistent with Categories 14 and 15 of Exhibit "B" of the Defendants' Initial Disclosures, Defendants will produce all invoices for legal fees and costs (1) provided by Defendants' partners for reimbursement under their respective marketing agreements, and (2) incurred by Defendants in connection with the Underlying Actions. Additionally, as indicated in response to Request No. 7, Defendants will produce documents evidencing Defendants' payment of defense and indemnity costs incurred by Defendants and their partners in connection with the Underlying Actions. All invoices will be produced subject to (1) the partners' permission to produce those invoices, and (2) the necessary redactions to protect privileged information. Specifically, the content of invoices between Defendants and their attorneys is protected by the attorney-client privilege, the work product doctrine, and the joint defense privilege. Further, Defendants are only in possession of their partners' invoices pursuant to the joint defense privilege. Because Defendants cannot share these invoices without partner consent and are unable to waive the attorney-client privilege or work-product protection attached to these documents, Defendants can only produce them with the redactions necessary to protect against disclosure of attorney-client and work product information. Defendants intend to contact their partners to attempt to secure permission to produce the documents in question with appropriate redactions.<br><br>If this Request seeks documents beyond the scope of what Defendants will produce, Defendants incorporate and stand |

| | |
|---|---|
| | on their objections above, and will not produce documents responsive to this request absent a Court order. |
| Request No. 9: All unredacted pleadings in the Underlying Actions, to the extent not publicly available. | Objection: Defendants object to this request on the basis of relevance, as the pleadings are freely available in the public record and the redacted portions of any pleadings solely contain commercially sensitive information that is irrelevant to the issues in this case. Defendants also object to this request as disproportional to the needs of this case, as the redacted information has no bearing on any claim or defense. Defendants further object to this request as seeking confidential and/or proprietary business information that can only be disclosed pursuant to a mutually agreeable protective order from this Court and permission from the appropriate underlying court/parties. This request also seeks documents that are subject to a protective order entered by another court and joint defense agreements such that they may not be freely disclosed by Defendants in this litigation.<br><br>Response: Defendants incorporate and stand on their objections above, and will not produce documents responsive to this request absent a Court order. |
| Request No. 10: All unredacted briefing of any dispositive motions in the Underlying Actions, to the extent not publicly available. | Objection: Defendants object to this request on the basis of relevance, as the briefings are freely available in the public record and the redacted portions of any briefing solely contain commercially sensitive information that is irrelevant to the issues in this case. Defendants also object to this request as disproportional to the needs of this case, as the redacted information has no bearing on any claim or defense. Defendants further object to this request as seeking confidential and/or proprietary business information that can only be disclosed pursuant to a mutually agreeable protective order from this Court and permission from the appropriate underlying court/parties. This this request also seeks documents that are subject to a protective order entered by another court and joint defense agreements such that they may not be freely disclosed by Defendants in this litigation. Defendants also object to this request as vague, as it is unclear what is being sought that is separate or different from Request No. 9.<br><br>Response: Defendants incorporate and stand on their objections above, and will not produce documents responsive to this request absent a Court order. |
| Request No. 11: All pleadings, orders, and written submissions to the arbitrator(s) in the | Objection: Defendants object to this request, as it is overly broad, unduly burdensome, seeks information that is irrelevant to the issues in this case, and is disproportional to |

12

| | |
|---|---|
| Smith Action. | the needs of this case. Defendants also object to this request to the extent the requested documents or their content are protected by the attorney-client privilege, work product doctrine, joint defense privilege, and a joint defense agreement. Further, the arbitration proceeding at issue is confidential such that these materials cannot be freely disclosed by Defendants in this litigation.<br><br>Response: Defendants have already produced to Continental the operative First Amended Demand for Arbitration in the *Smith* Action (attached to Defendants' Counterclaim as Exhibit "L"). The documents sought by this Request have been submitted in a confidential arbitration proceeding to which Defendants are not a party, and these documents may not be produced without the consent of the underlying parties. Defendants are not in possession of all the requested documents and do not intend to seek permission from the underlying parties to produce them. Defendants incorporate and stand on their objections above, and will not produce documents responsive to this request absent a Court order. |
| Request No. 12: All written discovery responses served in any of the Underlying Actions. | Objection: Defendants object to this request, as it is overly broad, unduly burdensome, seeks information that is irrelevant to the issues in this case, and is disproportional to the needs of this case. Defendants also object to this request to the extent the requested responses contain confidential and/or proprietary business information that can only be disclosed pursuant to a mutually agreeable protective order from this Court, permission from the appropriate underlying court/parties, and with appropriate redactions to protect commercially sensitive information that is irrelevant to the issues in this case. Responsive documents, to the extent they are in Defendants' possession, are also subject to joint defense agreements. Defendants further object to this request as vague, as it is unclear whether Continental is requesting the written discovery responses served by Defendants in the Underlying Actions or all written discovery served by all parties in the Underlying Actions. If the latter, Defendants also object to this request as overly broad, unduly burdensome, and seeking documents that are irrelevant and have no bearing on whether Continental owes coverage under the terms of the Policies in dispute.<br><br>Response: Defendants will produce the written discovery responses served by Defendants in the Underlying Actions with appropriate redactions to protect commercially sensitive information that is irrelevant to the issues in this |


| | |
|---|---|
| | case. If this Request seeks documents beyond the scope of what Defendants will produce, Defendants incorporate and stand on their objections above, and will not produce documents responsive to this request absent a Court order. |
| <u>Request No. 13</u>: All expert reports served in any of the Underlying Actions. | <u>Objection</u>: Defendants object to this request on the basis of relevance, as the content of the expert reports in the Underlying Actions address subjects irrelevant to the issues in this case. Defendants also object to this request to the extent the requested responses contain confidential and/or proprietary business information that can only be disclosed pursuant to a mutually agreeable protective order from this Court, permission from the appropriate underlying court/parties, and with appropriate redactions to protect commercially sensitive information that is irrelevant to the issues in this case. Responsive documents, to the extent they are in Defendants' possession, are also subject to joint defense agreements. Defendants further object to this request as vague, as it is unclear whether Continental is requesting expert reports served by Defendants, Defendants' partners, or the underlying claimants.<br><br><u>Response</u>: Defendants incorporate and stand on their objections above, and will not produce documents responsive to this request absent a Court order. |
| <u>Request No. 14</u>: All mediation statements in any of the Underlying Actions. | <u>Objection</u>: Defendants object to this request, as it is overly broad, unduly burdensome, seeks information that is irrelevant to the issues in this case, and is disproportional to the needs of this case. Defendants also object to this request, as it seeks documents that are protected by the mediation privilege and otherwise constitute confidential and privileged settlement communications. Responsive documents, to the extent they are in Defendants' possession, are also subject to joint defense agreements. The Defendants further object that the documents are irrelevant to the issues in this case, as none of the Underlying Actions were resolved through mediation, and what occurred during those sessions has no bearing on the amounts sought from Continental in this litigation.<br><br><u>Response</u>: Defendants incorporate and stand on their objections above, and will not produce documents responsive to this request absent a Court order. |
| <u>Request No. 15</u>: All documents referring to or reflecting settlement communications in the Underlying Actions, | <u>Objection</u>: Defendants object to this request, as it seeks documents that are protected by the mediation privilege and otherwise constitute confidential and privileged settlement communications. Defendants also object to this request to |

14

| | |
|---|---|
| including communications with any adverse party and/or any mediator. | the extent it encompasses communications between the Defendants, their partners, and/or their attorneys, as these communications are protected by the attorney-client privilege, work product doctrine, and joint defense privilege. Responsive documents, to the extent they are in Defendants' possession, are also subject to joint defense agreements. Further, the request seeks irrelevant documents in that it encompasses settlement communications that never produced a resolution of the Underlying Actions and therefore have no bearing on this litigation.<br><br>Response: Defendants incorporate and stand on their objections above, and will not produce documents responsive to this request absent a Court order. |
| Request No. 16: All documents relating to any settlement or potential settlement of any of the Underlying Actions. | Objection: Defendants object to this request, as it seeks documents that are protected by the attorney-client privilege, work product doctrine, and/or joint defense privilege, documents that are protected by the mediation privilege and otherwise constitute confidential and privileged settlement communications, and documents that are irrelevant to the issues in this case. This request seeks documents protected by the attorney-client privilege, work product doctrine, and joint defense privilege because it encompasses communications between Defendants, their partners, and/or their attorneys, as well as materials that were created in preparation for litigation. This request also seeks documents protected by the mediation privilege and confidential and privileged documents that constitute or relate to protected settlement communications. Further, the request seeks irrelevant documents in that it encompasses settlement efforts that never produced a resolution of the Underlying Actions and therefore have no bearing on this litigation.<br><br>Response: Defendants will produce copies of the settlement agreements that have resolved certain of the Underlying Actions pursuant to appropriate terms to be agreed upon by the parties to protect the confidentiality of these agreements. Defendants otherwise incorporate and stand on their objections above, and will not produce documents responsive to this request absent a Court order. |
| Request No. 17: All documents relating to communications with any insurer, insurance agent, broker, consultant, or advisor concerning any of the | Objection: Defendants object to this request, as it is overly broad and unduly burdensome, seeks irrelevant information, is disproportional to the needs of this case, and seeks information protected by the attorney-client privilege and work product doctrine. The request is overbroad, |

| | |
|---|---|
| Policies and/or any of the Underlying Actions. | burdensome, and disproportional to the extent it seeks communications between Defendants and Continental, as such communications are already in Continental's possession. The request seeks irrelevant information to the extent it seeks communications between Defendants and any other insurer, which has no bearing on whether Continental owes coverage under the terms of the Policies in dispute. Further, the request seeks documents protected by the attorney-client and/or work product doctrine to the extent it seeks communications between Defendants and their "advisors" and "consultants," which includes their attorneys. Defendants also incorporate their objections from Interrogatory No. 3 addressing substantively similar information.<br><br>Response: Consistent with Categories 18, 19, and 21 of Exhibit "B" of the Defendants' Initial Disclosures, Defendants will reasonably search for and produce (1) correspondence between Defendants and their brokers regarding the marketing agreements and/or the indemnity demands, (2) the Defendants' claims for insurance coverage, and (3) procurement of the insurance policies at issue. The Defendants do not have any responsive communications between Defendants and any non-attorney "advisors" or "consultants." As to any other communications contemplated by this interrogatory, Defendants incorporate and stand on their objections above, and will not produce documents responsive to this request absent a Court order. |
| Request No. 18: All documents relating to the negotiation or procurement of any of the Policies. | Objection: Defendants object to this request as unduly burdensome, overly broad, and disproportional to the needs of this case to the extent it asks Defendants to produce documents that are already in Continental's possession. Defendants also object to this request to the extent it seeks documents protected by the attorney-client privilege. Defendants further object to this request as overly broad and vague, as it potentially encompasses a substantial and unclear scope of documents "relating to" negotiation and procurement.<br><br>Response: Defendants will conduct a reasonable search for and produce any nonprivileged correspondence between Defendants and their broker(s) regarding the negotiation and procurement of the Policies. If this Request seeks documents beyond the scope of what Defendants will produce, Defendants incorporate and stand on their |

|  | objections above, and will not produce documents responsive to this request absent a Court order. |
|---|---|

### C.     Conclusion

Pursuant to Paragraph 23 of the Court's Initial Pre-Trial Order, on November 19, 2021, the parties will file a Joint Statement in chart format detailing and itemizing the specific discovery disputes at issue in this Notice of Objection.

November 5, 2021

Respectfully submitted,

/s/ Margaret T. Karchmer
Margaret T. Karchmer
Virginia Bar Number 89630
Richard A. Simpson
Virginia Bar Number 32454
Mary E. Borja (pro hac vice)
Wiley Rein LLP
1776 K Street, NW
Washington, DC  20006
Phone: (202) 719-7000
Fax:    (202) 719-7049
mkarchmer@wiley.law
rsimpson@wiley.law
mborja@wiley.law

*Counsel for Continental Casualty Company*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this 5th day of November, I electronically filed this Notice of Objection with the Clerk of Court using the CM/ECF filing system, which will automatically send email notification of such filing to the following counsel of record via the Court's CM/ECF filing system:

Michael S. Levine
Hunton Andrews Kurth LLP
2200 Pennsylvania Avenue, NW
Suite 900
Washington, DC 20037
mlevine@HuntonAK.com

Cary D. Steklof
Hunton Andrews Kurth LLP
Sabadell Financial Center
1111 Brickell Ave, Suite 2500
Miami, FL 33131\
csteklof@huntonak.com

*Counsel for AWP USA Inc.*

/s/ Margaret T. Karchmer
Margaret T. Karchmer
Virginia Bar Number 89630
Richard A. Simpson
Virginia Bar Number 32454
Mary E. Borja (pro hac vice)
Wiley Rein LLP
1776 K Street, NW
Washington, DC  20006
Phone: (202) 719-7000
Fax:    (202) 719-7049
mkarchmer@wiley.law
rsimpson@wiley.law
mborja@wiley.law

*Counsel for Continental Casualty Company*