# EXHIBIT A

Richard A. Simpson
202.719.7314
rsimpson@wiley.law

Mary E. Borja
202.719.4252
mborja@wiley.law



Wiley Rein LLP
1776 K Street NW
Washington, DC 20006
Tel: 202.719.7000

wiley.law

September 2, 2021

**VIA ELECTRONIC MAIL**

Michael S. Levine, Esq.
Hunton Andrews Kurth LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037

Cary D. Steklof, Esq.
Hunton Andrews Kurth LLP
333 SE 2nd Ave.
Miami, FL 33131

Re:   *Continental Casualty Co. v. AWP USA Inc. a/k/a Aga Inc.*, No. 3:19-cv-00661 (E.D. Va.)

Dear Counsel:

On behalf of Continental Casualty Company ("Continental"), we write to meet and confer to hopefully avoid the need to seek judicial intervention regarding Defendants' improper objections to Continental's First Set of Interrogatories and Requests for Production (the "Discovery Requests").

Defendants' objections lack the specificity required under federal and local rules and therefore do not enable Continental to determine whether Defendants are refusing to search for or produce responsive material on the basis of the objections. *See* Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity.") & 34(b)(2)(C) ("An objection must state whether responsive materials are being withheld on the basis of that objection."). The Fourth Circuit strongly disfavors such general objections. *See, e.g., Acosta v. Med. Staffing of Am., LLC,* No. 2:18CV226, 2019 WL 6122016, at *4 (E.D. Va. Mar. 15, 2019) ("Generalized, boilerplate objections . . . are highly disfavored in the Fourth Circuit.") (internal quotation marks and citations omitted); *Spendlove v. RapidCourt, LLC*, No. 3:18-CV-856, 2019 WL 7143664, at *3 (E.D. Va. Dec. 23, 2019) ("The principle problems with general objections are that (1) they reach so broadly that the requesting party cannot determine what is being answered or responded to and what is not; and (2) the generality obscures what the general objection is foreclosing from discovery.").

For example, Defendants have objected to every single request for documents and a number of interrogatories as "overly broad" and "unduly burdensome" yet fail to explain why the specific request is too broad or why searching for and producing or logging the responsive discovery would pose an undue burden on Defendants. General objections as to breadth and burden are improper. *See, e.g., Spendlove,* 2019 WL 71436634, at *4 (overruling similar objections where objecting party "provided no affidavit or other evidence indicating why any of the . . . discovery requests are overbroad or unduly burdensome"). The baseless nature of these general objections is highlighted by the fact that Defendants objected to Discovery Requests that seek the information mandated by Federal Rule of Civil Procedure 26(a)(1). *See* Interrogatories No. 1 & 6; Request for Production No. 3. Similarly, Continental fails to see how narrowly tailored

Michael S. Levine, Esq.
September 2, 2021
Page 2

requests for specific, easily identifiable documents in the underlying actions—such as mediation statements and expert reports—are overly broad or overly burdensome.

Similarly, Defendants object to numerous Discovery Requests on the grounds that they seek "irrelevant" documents or information. With rare exception, Defendants fail state in "plain" and "specific" terms why the information sought is objectionable in light of the claims and defenses in this action and are therefore improper general objections. *Id.* (overruling relevance objections that were not "plain enough and specific enough so that the court can understand in what way the interrogatories [or document requests] are alleged to be objectionable.") (quoting *Panola Land Buyers Ass'n v. Shuman,* 762 F.2d 1550, 1559 (11th Cir. 1985)).

Continental asks that Defendants withdraw their improper objections and provide the requisite specificity. Further, Continental asks that Defendants clarify for each request if Defendants are refusing to search for or provide any discovery on the basis of specific objections so that we may promptly bring any remaining disputes to the Court's attention, if necessary.

In addition, Defendants' objections refer to "confidential and/or proprietary business information that can only be disclosed pursuant to a mutually agreeable protective order from this Court and permission from the appropriate underlying court/parties." As you know, the Court has issued a protective order in this case precisely to enable the production of confidential and/or proprietary information. To the extent there are confidentiality agreements or protective orders that Defendants contend prevent the production of otherwise responsive documents notwithstanding this protective order, please provide copies of those agreements/orders at your earliest convenience to enable Continental to evaluate the propriety of these objections. Further, Defendants should promptly take any steps necessary to obtain the requisite approval from other courts or parties to produce responsive documents pursuant to the protective order in this case.

Please do not hesitate to contact us if it would be useful to discuss further.

Very truly yours,

WILEY REIN LLP

Richard A. Simpson
Mary E. Borja