# EXHIBIT B

Richard A. Simpson
202.719.7314
rsimpson@wiley.law

Mary E. Borja
202.719.4252
mborja@wiley.law



Wiley Rein LLP
1776 K Street NW
Washington, DC 20006
Tel: 202.719.7000

wiley.law

September 27, 2021

**VIA ELECTRONIC MAIL**

Michael S. Levine, Esq.
Hunton Andrews Kurth LLP
2200 Pennsylvania Avenue, NW
Washington, DC  20037

Cary D. Steklof, Esq.
Hunton Andrews Kurth LLP
333 SE 2nd Ave.
Miami, FL  33131

Re:   *Continental Casualty Co. v. AWP USA Inc. a/k/a Aga Inc.*, No. 3:19-cv-00661 (E.D. Va.)

Dear Counsel:

On behalf of Continental Casualty Company ("Continental"), and further to our September 2, 2021 letter, we write to meet and confer in an effort to avoid the need to seek judicial intervention regarding Defendants' improper objections and inadequate responses to Continental's First Set of Interrogatories and Requests for Production (the "Discovery Requests").  We understand that Defendants contemplate a rolling production.  Please advise us when Defendants will begin producing documents.

With regard to the objections, notwithstanding the concerns raised in our September 2 letter, Defendants responses are still rife with objections that lack the specificity required under federal and local rules.  In particular, Defendants continue to object to almost all of Continental's requests for documents—specifically, RFP Nos. 2, 3, 4, 6, 7, 8, 11, 12, 14, 17, 18, and 19–as "overly broad" and "unduly burdensome."  However, "merely stating that a discovery request is "overbroad" or "unduly burdensome" will not suffice to state a proper objection."  *Deutsche Bank Nat'l Tr. Co. v. Fegely,* No. 3:16CV147, 2020 WL 201048, at *6 (E.D. Va. Jan. 13, 2020). Instead, "[i]n order to overcome the liberal construction afforded by the federal discovery rules, a party objecting on the grounds that a request is overly burdensome must submit affidavits or other evidence indicating with specificity the nature and extent of the burden."  *Id*.  Further, the mere fact that a discovery request would require significant time and expense to search for and produce responsive documents is an insufficient basis to object to such discovery.  *See id.* ("The mere fact that responding to a discovery request will require the objecting party to expend considerable time, effort and expense consulting, reviewing and analyzing huge volumes of documents and information is an insufficient basis to object to a relevant discovery request.") (internal citation marks and quotation omitted).  Yet Defendants still fail to explain why each specific request to which they object is too broad or why searching for and producing or logging the responsive discovery would subject Defendants to an undue burden.

Similarly, Defendants object to numerous Discovery Requests—specifically, RFP Nos. 2, 4, 6, 7, 9, 10, 11, 12, 13, 14, 15, 16, 17—on the grounds that they seek "irrelevant" documents or information.  For purposes of the permissible scope of discovery, "[r]elevance is construed

Michael S. Levine, Esq.
Cary D. Steklof, Esq.
September 27, 2021
Page 2

broadly to include '[a]ny matter that bears on, or that reasonably could lead to another matter that could bear on, any issue that is or may be in the case.'" *Deutsche Bank Nat'l Tr. Co.*, 2020 WL 201048, at *6 (quoting *Cappetta v. GC Servs. Ltd. P'ship*, 2008 WL 5377934, *7 (E.D. Va. 2008) (citation omitted)). "A request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." *Id.* (internal quotation marks and citation omitted). Moreover, as the parties resisting discovery, the burden is on Defendants "to show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each interrogatory [or request for production] is not relevant." *Cappetta v. GC Servs. Ltd. P'ship,* No. CIV. A. 3:08CV288, 2008 WL 5377934, at *2 (E.D. Va. Dec. 24, 2008) (internal quotation marks and citations omitted); *see also Spendlove v. RapidCourt, LLC,* No. 3:18-CV-856, 2019 WL 7143664, at *5 (E.D. Va. Dec. 23, 2019) ("When discovery sought appears relevant on its face, the party resisting the discovery has the burden to establish that the requested discovery does not come within the scope of relevance, ... or is of such marginal relevant that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.") (internal quotation marks and citation omitted). Nonetheless, with rare exception, Defendants still fail to explain why the discovery sought is not relevant to any party's claims or defenses in this litigation.

Defendants also continue to object to the production of certain documents—specifically, those requested in RFP Nos. 2, 5, 9, 10, 11, 12, 13–on the grounds that the requested discovery contains "confidential and/or proprietary business information that can only be disclosed pursuant to a mutually agreeable protective order from this Court and permission from the appropriate underlying court/parties." These objections ring hollow in light of the protective order issued by the Court in this case with the specific purpose of enabling the production of confidential and/or proprietary information. Continental reiterates its request for copies of any confidentiality agreements or protective orders that Defendants contend prevent the production of otherwise responsive documents notwithstanding this protective order. Additionally, Continental again asks that Defendants immediately take any steps necessary to obtain the requisite approval from other courts or parties to produce responsive documents pursuant to the protective order in this case. Defendants may do so without waiving their objections to the production of such documents, but there is no reason to further delay discovery in this case by waiting for a court order requiring production of the withheld documents to request permission to produce them to Continental.

More specifically, based on Defendants' objections and responses to the Discovery Requests, Continental understands that Defendants are refusing to search for, identify on a privilege log, or produce the responsive, non-privileged documents for the following categories of documents:

- Unredacted pleadings and unredacted briefing of any dispositive motions in the Underlying Actions, to the extent not publicly available (RFP Nos. 9 & 10);

- All pleadings, orders, and written submissions to the arbitrator(s) in the Smith Action (RFP No. 11);

- Written discovery responses served by any party in the Underlying Actions (RFP No. 12);

Michael S. Levine, Esq.
Cary D. Steklof, Esq.
September 27, 2021
Page 3

- Expert reports served in the Underlying Actions (RFP No. 13);

- Mediation statements in the Underlying Actions (RFP No. 14); and

- Settlement communications in the Underlying Actions and documents relating to any actual or potential settlement of the Underlying Actions (RFP Nos. 15 & 16).

Continental fails to understand how any of these Discovery Requests are overly broad. To the contrary, they are narrowly tailored to seek specific, easily identifiable documents and only to the extent they are *not* publicly available. Defendants also do not provide any explanation for how searching for and producing or logging these documents would cause an undue burden. As far as Continental can tell, the only potential burden is that Defendants must seek permission to produce these documents pursuant to the protective order. Yet Defendants do not provide any explanation of the steps they have taken to attempt to secure that permission or why it has proved unduly burdensome. Indeed, in several instances Defendants explicitly state that they will not even request permission to produce those documents.

Nor is there any basis to conclude that these specific documents from the Underlying Actions for which Defendants seek coverage from Continental are not relevant. Indeed, it is difficult to conceive of discovery that is *more* relevant to this coverage action than unredacted pleadings in the Underlying Actions and communications regarding settlements for which Defendants seek coverage from Continental.

Finally, as discussed above, to the extent any requested documents contain confidential or proprietary information, the protective order in this case should allow production of such material. To the extent that Defendants believe any other privilege or protection protects the requested discovery from production, they must specifically identify the documents withheld and the basis for doing so on a privilege log.

To the extent that Defendants fail to promptly produce or identify on a privilege log the requested materials so that any asserted privilege can be evaluated, Continental will be forced to pursue a court order requiring it to do so. Please do not hesitate to contact us if it would be useful to discuss further. We are available today before 2 PM ET or after 4 PM.

Very truly yours,

WILEY REIN LLP

Richard A. Simpson
Mary E. Borja