# EXHIBIT D



HUNTON ANDREWS KURTH LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL   202 • 955 • 1500
FAX   202 • 778 • 2201

MICHAEL S. LEVINE
DIRECT DIAL: 202 • 955 • 1857
EMAIL: mlevine@HuntonAK.com

HUNTON ANDREWS KURTH LLP
333 SE 2ND AVENUE
SUITE 2400
MIAMI, FLORIDA 33131

TEL   305 • 810 • 2500
FAX   305 • 810 • 2460

CARY D. STEKLOF, ESQ.
DIRECT DIAL: 305 • 810 • 2463
EMAIL:  csteklof@HuntonAK.com

FILE NO. 44145.000023

October 29, 2021

**Via Electronic Mail**

Richard A. Simpson, Esq.
Mary E. Borja, Esq.
Wiley Rein LLP
1776 K Street NW
Washington, DC 20006
rsimpson@wiley.law
mborja@wiley.law

      Re:    *Continental Cas. Co. v. AWP USA Inc., et al.*
               Case No. 3:19-CV-00661-MHL
               Eastern District of Virginia (Richmond Division)
               Document Production in response to Continental's First Set of Requests for Production

Dear Counsel:

We write in response to your October 26, 2021 letter regarding the timing of the Defendants' document production in connection with Continental's First Set of Requests for Production.

Continental's letter attempts to create the inaccurate impression that the Defendants are improperly delaying the production of documents that can be readily turned over. Both you and we know that is false. As an initial matter, Continental has propounded 19 requests for production that seek an unquantifiable number of documents that span numerous years, custodians, and subject matters. Yet, Continental feigns surprise that in the month-and-a-half since serving its answers and objections to the discovery, Defendants have not yet compiled all of these materials, reviewed them for privilege, redacted them as necessary, and created a privilege log. The suggestion that this is an ordinate amount of time relative to the documents requested rings hollow.



Richard A. Simpson, Esq.
Mary E. Borja, Esq.
October 29, 2021
Page 2

  Moreover, despite referencing the parties' prior meet and confer call, Continental's letter conveniently ignores the substance of that discussion and the unique issues beyond the Defendants' control that affect the timing of this production. As the Defendants addressed in detail in their answers and our call, there are numerous privileges and confidentiality protections associated with many of the requested documents, and the Defendants do not have unilateral discretion to waive those privileges or produce those materials. Examples of these documents include the marketing agreements between the Defendants and their partners as well as the legal invoices associated with the underlying class action lawsuits. The marketing agreements cannot be disclosed without partner permission and with the redactions necessary to protect commercially sensitive information that is irrelevant to this case. Similarly, the legal invoices are protected by the attorney-client, work-product, and joint defense privileges that belong to the Defendants' partners and are not the Defendants' to waive.

  As you are aware, the Defendants have contacted their partners regarding these issues and are in the process of securing permission to produce the requested documents together with the necessary redactions. The Defendants have been diligent in communicating with their partners on these issues and intend to produce all of the requested documents as soon as they have the ability to do so.

  Finally, Continental's letter asks the Defendants to (1) advise when they will make their initial production, and (2) confirm that the Defendants will produce all responsive documents no later than November 15, 2021. As to the first inquiry, the Defendants intend to begin their rolling production as soon as reasonably possible. On the second inquiry, the Defendants are not able to commit to a date for a full production for all of the reasons articulated above. Continental's artificial deadline bears no relationship to the circumstances and issues that the Defendants and their partners must address. The Defendants can commit to diligently gathering responsive documents and seeking the necessary permission from their partners where other privileges and protections are at issue.

  If you have any questions or would like to discuss further, please do not hesitate to reach out.

Sincerely,

Michael S. Levine
Cary D. Steklof

cc: Allianz Global Assistance