# EXHIBIT A

| Continental's Requests | Allianz's Objections/Response | Continental's Position | The Court's Ruling |
|---|---|---|---|
| Request No. 2: All documents referenced in Exhibit B to Defendants' initial disclosures, including any amendment or supplement thereto, in this action. | Objections: Defendants object to this request, as it is overly broad, unduly burdensome, and seeks confidential and/or proprietary business information. The request is overbroad and burdensome in that it asks Defendants to produce documents that are already in Continental's possession or are freely available in the public records. The request also seeks documents that contain confidential and/or proprietary business information that can only be disclosed pursuant to a mutually agreeable protective order from this Court, permission from the appropriate underlying court/parties, and with appropriate redactions to protect commercially sensitive information that is irrelevant to the issues in this case. Defendants further object to the extent that certain documents contain information protected by the attorney-client privilege, work product doctrine, and joint defense privilege.[2]<br><br>[2] Numerous requests propounded by Continental overlap with the | First, Allianz's objections as to breadth, burden, and relevance lack the specificity required under the federal and local rules, and it should not be entitled to withhold documents responsive to this Request on the basis of these objections.<br><br>"[M]erely stating that a discovery request is "overbroad" or "unduly burdensome" will not suffice to state a proper objection." *Deutsche Bank Nat'l Tr. Co. v. Fegely,* No. 3:16CV147, 2020 WL 201048, at *6 (E.D. Va. Jan. 13, 2020). Rather, "[i]n order to overcome the liberal construction afforded by the federal discovery rules, a party objecting on the grounds that a request is overly burdensome must submit affidavits or other evidence indicating with specificity the nature and extent of the burden." *Id.* Further, the mere fact that a discovery request would require significant time and expense to search for and produce responsive documents is an | |

categories of documents listed in Exhibit B of Defendants' initial disclosures. These include, but are not limited to, Request Nos. 4, 5, 6, 7, 8, 17, and 18. While Defendants state specific objections to these requests herein, they hereby incorporate the objections to Request No. 2 by reference.

Answer: Exhibit "B" to Defendants' Initial Disclosures lists 21 categories of documents, of which Continental is fully in possession of the documents in categories 1 through 13, 20, and 21. Defendants maintain that Continental's request for these documents is overbroad and burdensome because these materials are already in Continental's possession or freely available in the public records, and Defendants accordingly will not re-produce these materials. As to the remaining categories of documents, Defendants answer as follows:

- Category 14 – "All invoices for legal fees and costs provided by each of the airlines to AWP for reimbursement under their

insufficient basis to object to such discovery. See id. ("The mere fact that responding to a discovery request will require the objecting party to expend considerable time, effort and expense consulting, reviewing and analyzing huge volumes of documents and information is an insufficient basis to object to a relevant discovery request.") (internal citation marks and quotation omitted). Yet Allianz's objections wholly fail to explain why each specific request to which they object is too broad or why searching for and producing or logging the responsive discovery would subject it to an undue burden.

For purposes of the permissible scope of discovery, "[r]elevance is construed broadly to include '[a]ny matter that bears on, or that reasonably could lead to another matter that could bear on, any issue that is or may be in the case.'" *Deutsche Bank Nat'l Tr. Co.*, 2020 WL 201048, at *6 (quoting *Cappetta v. GC Servs. Ltd. P'ship*, 2008 WL 5377934, *7 (E.D. Va. 2008) (citation

| | | |
|---|---|---|
| | respective marketing agreements with AWP."<br><br>○ Answer: Defendants will produce all such invoices for all partners at issue in this action (not just the airlines) subject to (1) the partners' permission to produce those invoices, and (2) the necessary redactions to protect privileged information. Defendants are only in possession of these invoices pursuant to the joint defense privilege. Because Defendants cannot share these invoices without partner consent and are unable to waive the attorney-client privilege or work-product protection attached to these documents, Defendants can only produce them with the redactions necessary to protect against disclosure of attorney-client and work product information. Defendants intend to contact their partners to attempt to secure permission to produce the documents in question with appropriate redactions.<br><br>• Category 15 – "All invoices for legal fees and costs incurred by | omitted)). "A request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." *Id.* (internal quotation marks and citation omitted). Moreover, as the party resisting discovery, the burden is on Allianz "to show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each interrogatory [or request for production] is not relevant." *Cappetta v. GC Servs. Ltd. P'ship,* No. CIV. A. 3:08CV288, 2008 WL 5377934, at \*2 (E.D. Va. Dec. 24, 2008) (internal quotation marks and citations omitted); *see also Spendlove v. RapidCourt, LLC,* No. 3:18-CV-856, 2019 WL 7143664, at \*5 (E.D. Va. Dec. 23, 2019) ("When discovery sought appears relevant on its face, the party resisting the discovery has the burden to establish that the requested discovery does not come within the scope of relevance, ... or is of such marginal relevant that the potential harm occasioned by | |

| | | | |
|---|---|---|---|
| | AWP in connection with the putative class action lawsuits." <br> ○ Answer: Defendants will produce all such invoices in connection with all Underlying Actions subject to (1) the partners' permission to produce those invoices, and (2) the necessary redactions to protect privileged information. Certain invoices within this category are protected by the joint defense privilege. Because Defendants cannot share these invoices without partner consent and are unable to waive the attorney-client privilege or work-product protection attached to these documents, Defendants can only produce them with the redactions necessary to protect against disclosure of attorney-client and work product information. Defendants intend to contact their partners to attempt to secure permission to produce the documents in question with appropriate redactions. Defendants will also produce the settlement agreements referenced in their answer to Request No. 16 | discovery would outweigh the ordinary presumption in favor of broad disclosure.") (internal quotation marks and citation omitted).  Allianz does not provide any explanation as to why the information sought is not relevant. <br><br> Nearly three months after Allianz served its objections, and after significant meet and confer correspondence, Allianz only now attempts to provide supporting evidence for these general objections in connection with filing this joint statement.  This underscores the fact that Allianz indiscriminately objected to virtually all of Continental's discovery requests based on improper, general objections before it had even undertaken to adequately evaluate and review the universe of potentially responsive documents.  In any event, their breadth, burden, and relevance objections still do not withstand scrutiny. <br><br> To the extent Allianz now states that it does not intend to withhold documents on the basis | |

| | | |
|---|---|---|
| | subject to their objections and answer to that request.<br>• Category 16 – "All demands for indemnity from each of the airlines under their respective marketing agreements with AWP."<br>○ Answer: Defendants will conduct a reasonable search for and produce all such documents for all partners at issue in this action (not just the airlines).<br>• Category 17 – "Correspondence between AWP and the airlines regarding the airlines' indemnity demands under their respective marketing agreements with AWP."<br>○ Answer: Defendants will conduct a reasonable search for and produce all such documents for all partners at issue in this action (not just the airlines) with the exception of any correspondence protected by the attorney-client privilege and/or work product doctrine.<br>• Category 18 – "Correspondence between AWP and brokers or other third-parties regarding the | of these improperly asserted objections, they should be withdrawn (and should not have been asserted in the first instance). Because Allianz has only just begun producing documents and has not logged all of the documents that it intends to withhold, Continental cannot simply take Allianz's word that does not intend to withhold documents on the basis of these objections. However, to the extent Allianz has agreed to withdraw its breadth, burden, and relevance objections with respect to specific Requests, the parties appear to have resolved the part of their dispute pertaining to those specific objections as noted below.<br><br>*Second,* with respect to Allianz's objection that certain documents are publicly available, Continental does not request production of publicly available documents but does request unredacted copies of certain documents that are publicly available only with redactions. Continental does not have access to the unredacted documents, and | |

marketing agreements and/or the airline indemnity demands."

o   Answer: Defendants will conduct a reasonable search for and produce all such documents for all partners at issue in this action (not just the airlines) with the exception of any correspondence protected by the attorney-client privilege and/or work product doctrine.

- Category 19 – "Correspondence between AWP and brokers or other third-parties regarding AWP's claims for insurance coverage."

o   Answer: Defendants will conduct a reasonable search for and produce all such documents with the exception of any correspondence protected by the attorney client privilege and/or work product doctrine.

Additional Response to Continental's Position:
*First*, except where specifically addressed herein, Defendants are not withholding any documents on the basis of breadth, burden, or relevance.  Defendants have made

therefore Allianz's equal access objection is improper, and it should not be entitled to withhold any documents on the basis of this objection.  *See, e.g., Oppenheimer v. Episcopal Communicators, Inc.,* No. 1:19-CV-00282-MR, 2020 WL 4732238, at *4 (W.D.N.C. Aug. 14, 2020) (finding objection that defendants have equal access to the requested information to be without merit where requesting party had limited or no access to the requested information).

*Third*, Allianz's objections to production on the basis that the Request seeks confidential documents or information or confidential and/or proprietary business information are improper because the Court has entered a mutually agreed protective order to enable to the protection of just such material. *See, e.g., Virmani v. Novant Health Inc.,* 259 F.3d 284, 288 n.4 (4th Cir. 2001) ("There is an important distinction between privilege and protection of documents, the former operating to shield the documents from

| | | |
|---|---|---|
| | this clear to Continental through the meet and confer process. Continental's suggestion that these objections were improperly asserted is specious. When asserted, Defendants were still collecting and reviewing documents. At that time, Defendants reasonably believed that the requests, as stated, were overly broad, sought documents not relevant to any claim or defense and, thus, the requests were unduly burdensome. Having now completed their collection and review, Defendants have informed Continental that they do not intend to withhold any documents based on these objections. Nevertheless, withdrawal of properly asserted objections is not required, nor would it have any material change on Continental's apparent reluctance to accept Defendants' good faith representation. In any case, Defendants' privilege log will resolve any issue Continental may still have.

Furthermore, Continental's complaint that Defendants are only now presenting an affidavit in | production in the first instance, with the latter operating to preserve confidentiality when produced. An appropriate protective order can alleviate problems and concerns regarding both confidentiality and scope of the discovery material produced in a particular case."); *Oppenheimer v. Episcopal Communicators, Inc.,* No. 1:19-CV-00282-MR, 2020 WL 4732238, at *5-6 (W.D.N.C. Aug. 14, 2020) (finding objections on the basis that the information requested is confidential and/or contains confidential and proprietary business information without merit where protective order had been entered).

To the extent that Allianz contends there are joint defense agreements, confidentiality agreements, and/or protective orders that prevent the production of otherwise responsive documents notwithstanding the protective order, Allianz must produce copies of those agreements/orders so that | |

support of their timely objections is disingenuous, where it was not until Continental presented its notice of objection that it ever requested such evidence. Importantly, no such evidence is required under the Federal Rules.

*Second*, where Defendants have withheld clean copies of redacted documents filed by third parties in the Underlying Actions, it has done so based on legal authority. These documents are subject to protective orders issued in the Underlying Actions. Those orders survive the underlying litigation and continue to have the full force and effect on the parties.
*See Public Citizen v. Liggett Grp.,* 858 F.2d 775, 780–82 (1st Cir. 1988). Defendants, therefore, cannot produce the requested documents without violating the orders issued in the Underlying Actions. Courts in this Circuit recognize this as a valid basis to withhold documents in discovery.
*See, e.g., Dickerson v. TLC The Laser Eye Ctr. (Inst.), Inc.*, No. CV 6:10-00685-JMC, 2010 WL 11640184, at *2 (D.S.C. Sept. 1, 2010) ("Courts which have been

Continental can determine whether they in fact prohibit production. They may permit disclosure by consent or the designating party, or pursuant to a subpoena or other discovery request, or disclosure pursuant to an order from this court compelling disclosure. For example, the protective order in the *Donoff* Action explicitly permits the disclosure of confidential material with consent of the designating party, as well as information subpoenaed or ordered produced in other litigation upon notification to the party designating the material as confidential. To the extent disclosure of confidential material is merely conditioned on consent of the designating party, Allianz should be compelled to immediately seek consent to produce the responsive documents if it did not do so months ago when Continental served its document requests.

At an absolute minimum, Allianz must log any documents or information withheld or redacted

called upon to decide discovery motions that involve requests to modify or terminate a protective order previously issued by another court, whether state or federal, have frequently felt constrained by principles of comity, courtesy, and, where a federal court is asked to take such action with regard to a previously issued state court protective order, federalism.").

*Third*, the fact that the Court has entered a confidentiality order in this case does not allow Defendants to violate prior orders by producing protected documents filed by non-parties.  Nor may Continental "evaluate" the joint defense agreements, confidentiality agreements, and/or protective orders that prohibit disclosure, as Continental asserts, where the joint defense agreements themselves contain confidentiality provisions that prevent their disclosure.  The protective orders, entered by the courts in the Underlying Actions, are publicly available and equally accessible to Continental.  To avoid doubt, copies of those orders

on the basis of these objections to enable Continental to evaluate the propriety of these objections.  At this stage, Continental has no information about what has been and apparently will in the future be redacted on this basis other than Allianz's broad assertion that whatever it is is supposedly confidential.

*Fourth*, to the extent Allianz withholds or redacts documents or information on the basis of any privilege or protection, it must produce a document-by-document privilege log.  Continental and Allianz have agreed that the parties need not produce a document-by-document privilege log with respect to communications between Allianz's counsel in this litigation and Allianz after the date this litigation was filed.  This position is applicable with respect to each of the Requests in dispute, and Continental will not repeat it each time for the sake of brevity.

| | | | |
|---|---|---|---|
| | are also attached to the affidavit of Jack Zemp, submitted with this chart.<br><br>Continental's suggestion that Defendants should be compelled to seek permission from the parties in the Underlying Actions to produce their confidential documents attempts to improperly shift the burden of discovery. The Federal Rules instruct courts to consider not only how much of a burden collecting the requested information would impose on the producing party but also which party could more easily obtain the information.  *See* Fed. R. Civ. P. 26(b)(1); *see also* Fed. R. Civ. P. 26(b)(2)(C) ("On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, *or can be obtained from some other source that is more convenient, less burdensome, or less expensive"*) (emphasis added).  While Defendants would have to pursue the right to disclose these materials from third parties | | |

| | | | |
|---|---|---|---|
| | (without any authority to compel compliance), Continental could accomplish this through an informal request or subpoena. Continental effectively wants Defendants to chase down consent from non-parties when there is a "more convenient, less burdensome, [and] less expensive" alternative: service of a subpoena directly to the parties who designated the documents confidential. *See* Fed. R. Civ. P. 26(b)(2)(C).<br><br>*Fourth*, Defendants have provided an appropriate privilege log for all of the documents they have produced, and intend to do so for all remaining productions.  In instances herein where the Court determines that an entire category of documents is protected from discovery, Defendants request that the Court relieve them from the burden associated with creating a privilege log for each and every document (akin to what the parties have agreed regarding attorney-client communications after this litigation was filed). | | |

| | Ultimately, Defendants intend to produce all of the documents described in their Answer above. | | |
|---|---|---|---|
| Request No. 3: All documents that you contend support your request for relief and for damages in this action. | Objections: Defendants object to this request as overly broad and unduly burdensome to the extent it asks Defendants to produce documents that are already in Continental's possession or are freely available in the public records.<br><br>Answer: This request substantively seeks the same documents encompassed by Request No. 2. Defendants accordingly incorporate their answer to Request No. 2 and will be producing documents on the same terms and subject to the same objections. Defendants also incorporate their answer to Request No. 16 and will be producing documents on the same terms and subject to the same objections.<br><br>Additional Response to Continental's Position: Defendants incorporate herein their additional response from Request No. 2. | Because Allianz incorporates its objections and response to Request No. 2, Continental similarly incorporates its position with respect to Request No. 2 with respect to Request No. 3. | |

| | | | |
|---|---|---|---|
| **Request No. 5**: All agreements that any entity or person contends obligates any of the Defendants to indemnify any other entity or person with respect to any of the Underlying Actions. | <u>Objections:</u> Defendants object to this request, as it seeks confidential and/or proprietary business information between Defendants and their partners that can only be disclosed pursuant to a mutually agreeable protective order from this Court, permission from the appropriate underlying court/parties, and with appropriate redactions to protect commercially sensitive information that is irrelevant to the issues in this case.<br><br><u>Answer:</u> The only responsive documents are the operative marketing agreements (and the relevant amendments) between Defendants and the partners at issue in this action. Defendants will produce these agreements subject to (1) the partners' permission to produce those agreements, and (2) with redactions necessary to protect commercially sensitive information that is irrelevant to the issues in this case. Defendants intend to contact their partners to attempt to secure permission to produce the documents in question. With respect to the redacted portions of the | For the reasons explained in detail in connection with Request No. 2, Allianz's objections to production on the basis that the Request seeks confidential and/or proprietary business information are improper because the Court has entered a mutually agreed protective order to enable to the protection of just such material.<br><br>Continental moves to compel all marketing agreements not previously provided to Continental. To the extent Allianz contends redactions are necessary, it must provide a privilege log explaining the basis for such redactions. | |

agreements, Defendants incorporate and stand on their objections above, and will not produce these portions absent a Court order.

<u>Additional Response to Continental's Position:</u>  The marketing agreements that Defendants have agreed to produce contain confidentiality provisions and cannot be disclosed without the consent of Defendants' partners.  Those partners have agreed to the production of those documents with redactions to protect certain commercially sensitive, proprietary information. The partners refuse to the production of the marketing agreements in unredacted form. Defendants intend to appropriately account for all redactions in a privilege log when the agreements are produced.

Further, Continental's own conduct has hindered Defendants' ability to fully produce these agreements.  After the parties agreed to a protective order, one of Defendants' partners indicated that it would consent to production of

|  | its redacted marketing agreement only if it was governed by an "attorneys' eyes only" ("AEO") provision (which the current protective order does not have). Defendants asked Continental for its agreement to jointly seek modification of the protective order approximately one month ago, and Continental never responded.  The request for an AEO provision is also reasonable in this case, where Continental's related companies are direct competitors in the travel insurance market.<br><br>Ultimately, Defendants intend to produce the marketing agreements in question with the exception of American's, which cannot be provided until the AEO issue is addressed. |  |  |
|---|---|---|---|
| Request No. 9: All unredacted pleadings in the Underlying Actions, to the extent not publicly available. | Objections: Defendants object to this request on the basis of relevance, as the pleadings are freely available in the public record and the redacted portions of any pleadings solely contain commercially sensitive information that is irrelevant to the issues in this case. Defendants also | *First,* because Allianz has withdrawn its breadth, burden, and relevance objections, the parties appear to have resolved that part of their dispute pertaining to these specific objections. |  |

object to this request as disproportional to the needs of this case, as the redacted information has no bearing on any claim or defense. Defendants further object to this request as seeking confidential and/or proprietary business information that can only be disclosed pursuant to a mutually agreeable protective order from this Court and permission from the appropriate underlying court/parties. This request also seeks documents that are subject to a protective order entered by another court and joint defense agreements such that they may not be freely disclosed by Defendants in this litigation.

Answer: Defendants incorporate and stand on their objections above, and will not produce documents responsive to this request absent a Court order.

Additional Response to Continental's Position:
*First*, Defendants are not withholding documents on the basis of breadth, burden, or relevance.  Defendants have made this clear to Continental through

*Second,* for the reasons explained in detail in connection with Request No. 2, Allianz's equal access objection is improper, and it should not be entitled to withhold any documents on the basis of this objection.

*Third*, for the reasons explained in detail in connection with Request No. 2, Allianz's objections to production on the basis that the Request seeks confidential documents or information or confidential and/or proprietary business information are improper because the Court has entered a mutually agreed protective order to enable to the protection of just such material. To the extent that Allianz contends there are joint defense, confidentiality agreements, or protective orders that prevent the production of otherwise responsive documents notwithstanding the protective order, Allianz must (1) produce copies of those agreements/orders so that Continental can determine whether they in fact prohibit production and (2) immediately

| | | |
|---|---|---|
| the meet and confer process and accordingly withdraw these objections.  Defendants incorporate their position from Request No. 2 that their prior objections were asserted in good faith.<br><br>*Second*, where Defendants have withheld clean copies of redacted documents filed by third parties in the Underlying Actions, it has done so based on legal authority. Those orders survive the underlying litigation and continue to have the full force and effect on the parties. *See Public Citizen v. Liggett Grp.,* 858 F.2d 775, 780–82 (1st Cir. 1988). Defendants, therefore, cannot produce the requested documents without violating the orders issued in the Underlying Actions. Courts in this Circuit recognize this as a valid basis to withhold documents in discovery.  *See*, *e.g.*, *Dickerson v. TLC The Laser Eye Ctr. (Inst.), Inc.*, No. CV 6:10-00685-JMC, 2010 WL 11640184, at *2 (D.S.C. Sept. 1, 2010) ("Courts which have been called upon to decide discovery motions that involve requests to modify or terminate a | seek any requisite consent to produce such documents.  At an absolute minimum, Allianz must log any documents or information withheld or redacted on the basis of these objections to enable Continental to evaluate the propriety of these objections. | |

protective order previously issued by another court, whether state or federal, have frequently felt constrained by principles of comity, courtesy, and, where a federal court is asked to take such action with regard to a previously issued state court protective order, federalism.").

*Third*, the fact that the Court has entered a confidentiality order in this case does not allow Defendants to violate prior orders by producing protected documents filed by non-parties.  Nor may Continental "evaluate" the joint defense agreements, confidentiality agreements, and/or protective orders that prohibit disclosure, as Continental asserts, where the joint defense agreements themselves contain confidentiality provisions that prevent their disclosure.  The protective orders, entered by the courts in the Underlying Actions, are publicly available and equally accessible to Continental.  To avoid doubt, copies of those orders are also attached to the affidavit of Jack Zemp, submitted with this chart.  Further, to the extent

| | | | |
|---|---|---|---|
| | Defendants possess responsive documents, they are only in possession of those materials pursuant to a joint defense agreement that is confidential.<br><br>Defendants incorporate their position from Request No. 2 that it would be inappropriate to compel Defendants to seek permission to disclose confidential documents from third parties when Continental can accomplish this by serving subpoenas.<br><br>If the Court determines that this category of documents is protected from discovery, Defendants request that the Court relieve them from the burden associated with creating a privilege log for each and every document. | | |
| Request No. 10: All unredacted briefing of any dispositive motions in the Underlying Actions, to the extent not publicly available. | Objections: Defendants object to this request on the basis of relevance, as the briefings are freely available in the public record and the redacted portions of any briefing solely contain commercially sensitive information that is irrelevant to the issues in this case. Defendants also object to this request as | First, because Allianz has withdrawn its breadth, burden, and relevance objections, the parties appear to have resolved that part of their dispute pertaining to these specific objections.<br>. | |

disproportional to the needs of this case, as the redacted information has no bearing on any claim or defense. Defendants further object to this request as seeking confidential and/or proprietary business information that can only be disclosed pursuant to a mutually agreeable protective order from this Court and permission from the appropriate underlying court/parties. This this request also seeks documents that are subject to a protective order entered by another court and joint defense agreements such that they may not be freely disclosed by Defendants in this litigation. Defendants also object to this request as vague, as it is unclear what is being sought that is separate or different from Request No. 9.

Answer: Defendants incorporate and stand on their objections above, and will not produce documents responsive to this request absent a Court order.

Additional Response to Continental's Position: The issues in this Request are substantively

*Second,* for the reasons explained in detail in connection with Request No. 2, Allianz's equal access objection is improper, and it should not be entitled to withhold any documents on the basis of this objection.

*Third*, for the reasons explained in detail in connection with Request No. 2, Allianz's objections to production on the basis that the Request seeks confidential documents or information or confidential and/or proprietary business information are improper because the Court has entered a mutually agreed protective order to enable to the protection of just such material. To the extent that Allianz contends there are joint defense, confidentiality agreements, or protective orders that prevent the production of otherwise responsive documents notwithstanding the protective order, Allianz must (1) produce copies of those agreements/orders so that Continental can determine whether they in fact prohibit production, and (2) immediately

| | identical to those in connection with Request No. 9.  Defendants accordingly incorporate their additional response to Request No. 9 herein. | seek any requisite consent to produce such documents.  At an absolute minimum, Allianz must log any documents or information withheld or redacted on the basis of these objections to enable Continental to evaluate the propriety of these objections. | |
|---|---|---|---|
| Request No. 11: All pleadings, orders, and written submissions to the arbitrator(s) in the Smith Action. | Objections: Defendants object to this request, as it is overly broad, unduly burdensome, seeks information that is irrelevant to the issues in this case, and is disproportional to the needs of this case. Defendants also object to this request to the extent the requested documents or their content are protected by the attorney-client privilege, work product doctrine, joint defense privilege, and a joint defense agreement. Further, the arbitration proceeding at issue is confidential such that these materials cannot be freely disclosed by Defendants in this litigation.

Answer: Defendants have already produced to Continental the operative First Amended Demand for Arbitration in the *Smith* Action (attached to Defendants' Counterclaim as Exhibit "L"). The | *First,* because Allianz has withdrawn its breadth, burden, and relevance objections, the parties appear to have resolved that part of their dispute pertaining to these specific objections.

*Second,* for the reasons explained in detail in connection with Request No. 2, Allianz's objection on the basis that the Request seeks discovery from a confidential arbitration is improper because the Court has entered a mutually agreed protective order to enable to the protection of just such material. To the extent that Allianz contends there are joint defense, confidentiality agreements, or protective orders that prevent the production of otherwise responsive documents notwithstanding the protective | |

| | | |
|---|---|---|
| | documents sought by this Request have been submitted in a confidential arbitration proceeding to which Defendants are not a party, and these documents may not be produced without the consent of the underlying parties. Defendants are not in possession of all the requested documents and do not intend to seek permission from the underlying parties to produce them. Defendants incorporate and stand on their objections above, and will not produce documents responsive to this request absent a Court order.<br><br>Additional Response to Continental's Position:<br>*First*, Defendants are not withholding documents on the basis of breadth, burden, or relevance. Defendants have made this clear to Continental through the meet and confer process and accordingly withdraw these objections. Defendants incorporate their position from Request No. 2 that their prior objections were asserted in good faith. | order, Allianz must (1) produce copies of those agreements/orders so that Continental can determine whether they in fact prohibit production, and (2) immediately seek any requisite consent to produce such documents. At an absolute minimum, Allianz must log any documents or information withheld or redacted on the basis of these objections to enable Continental to evaluate the propriety of these objections. | |

*Second*, where Defendants have withheld responsive documents filed in a confidential and ongoing arbitration proceeding, it has done so based on governing statutory law.  Pursuant to Va. Code. Ann. § 8.01-576.10, "[a]ll memoranda, work products and other materials contained in the case files of a neutral or dispute resolution program are confidential. Any communication made in or in connection with the dispute resolution proceeding that relates to the controversy, including screening, intake and scheduling a dispute resolution proceeding, whether made to the neutral or dispute resolution program staff or to a party, or to any other person, is confidential." *See also Rothman v. Snyder*, No. CV 20-3290 PJM, 2020 WL 7395488, at *4 (D. Md. Dec. 17, 2020) (holding that party may redact information pertaining to ongoing arbitration proceedings based on confidentiality interests). The statute expressly states that "[c]onfidential materials and communications are not subject to disclosure in discovery or in any judicial or administrative proceeding" except in certain

| | | | |
|---|---|---|---|
| | limited circumstances that do not apply here.  Any privileges in this action are governed by Virginia state law. *Hatfill v. New York Times Co.*, 459 F. Supp. 2d 462, 465–66 (E.D. Va. 2006). Defendants are not a party to the *Smith* Action and are statutorily precluded from producing the confidential documents from that proceeding. Further, to the extent Defendants possess responsive documents, they are only in possession of those materials pursuant to a joint defense agreement that is confidential.<br><br>Similar to their position from Request No. 2, Defendants maintain that it would be inappropriate to compel Defendants to seek a waiver of the arbitration privilege in the *Smith* Action from the non-parties that are currently arbitrating that dispute.<br><br>Ultimately, Defendants have already produced to Continental the operative First Amended Demand for Arbitration in the *Smith* Action.  If the Court determines that the remaining | | |

| | documents in this category are protected from discovery, Defendants request that the Court relieve them from the burden associated with creating a privilege log for each and every document. | | |
|---|---|---|---|
| <u>Request No. 12:</u> All written discovery responses served in any of the Underlying Actions. | <u>Objections:</u> Defendants object to this request, as it is overly broad, unduly burdensome, seeks information that is irrelevant to the issues in this case, and is disproportional to the needs of this case. Defendants also object to this request to the extent the requested responses contain confidential and/or proprietary business information that can only be disclosed pursuant to a mutually agreeable protective order from this Court, permission from the appropriate underlying court/parties, and with appropriate redactions to protect commercially sensitive information that is irrelevant to the issues in this case. Responsive documents, to the extent they are in Defendants' possession, are also subject to joint defense agreements. Defendants further object to this request as vague, as it is unclear whether | *First,* because Allianz has withdrawn its breadth, burden, and relevance objections, the parties appear to have resolved that part of their dispute pertaining to these specific objections..

*Second,* for the reasons explained in detail in connection with Request No. 2, Allianz's objections to production on the basis that the Request seeks confidential documents or confidential and/or proprietary business information are improper because the Court has entered a mutually agreed protective order to enable to the protection of just such material. To the extent that Allianz contends there are confidentiality agreements or protective orders that prevent the production of otherwise responsive documents | |

| | | |
|---|---|---|
| | Continental is requesting the written discovery responses served by Defendants in the Underlying Actions or all written discovery served by all parties in the Underlying Actions. If the latter, Defendants also object to this request as overly broad, unduly burdensome, and seeking documents that are irrelevant and have no bearing on whether Continental owes coverage under the terms of the Policies in dispute.<br><br>Amended Answer: Defendants will produce the written discovery responses served by Defendants in the Underlying Actions. Defendants will also produce any written discovery responses in its possession so long as the responses or the information therein were not designated confidential by the parties in the Underlying Actions.  If this Request seeks documents beyond the scope of what Defendants will produce, Defendants incorporate and stand on their objections above, and will not produce documents responsive to this request absent a Court order. | notwithstanding the protective order, Allianz must (1) produce copies of those agreements/orders so that Continental can determine whether they in fact prohibit production, and (2) immediately seek any requisite consent to produce such documents.  At an absolute minimum, Allianz must log any documents or information withheld or redacted on the basis of these objections to enable Continental to evaluate the propriety of these objections. | |

| | | | |
|---|---|---|---|
| | Additional Response to Continental's Positions:<br>*First*, Defendants are not withholding documents on the basis of breadth, burden, or relevance.  Defendants have made this clear to Continental through the meet and confer process and accordingly withdraw these objections. Defendants incorporate their position from Request No. 2 that their prior objections were asserted in good faith.<br><br>*Second*, where Defendants have withheld written discovery responses that were designated confidential by the parties in the Underlying Actions, it has done so based on legal authority.  These documents are subject to protective orders issued in the Underlying Actions.  Those orders survive the underlying litigation and continue to have the full force and effect on the parties.  *See Public Citizen v. Liggett Grp.,* 858 F.2d 775, 780–82 (1st Cir. 1988). Defendants, therefore, cannot produce the requested documents without violating the orders issued in the Underlying Actions. Courts in this Circuit | | |

| | | | |
|---|---|---|---|
| | recognize this as a valid basis to withhold documents in discovery. *See*, *e.g.*, *Dickerson v. TLC The Laser Eye Ctr. (Inst.), Inc.*, No. CV 6:10-00685-JMC, 2010 WL 11640184, at *2 (D.S.C. Sept. 1, 2010) ("Courts which have been called upon to decide discovery motions that involve requests to modify or terminate a protective order previously issued by another court, whether state or federal, have frequently felt constrained by principles of comity, courtesy, and, where a federal court is asked to take such action with regard to a previously issued state court protective order, federalism."). <br><br> *Third*, the fact that the Court has entered a confidentiality order in this case does not allow Defendants to violate prior orders by producing protected documents filed by non-parties.  Nor may Continental "evaluate" the joint defense agreements, confidentiality agreements, and/or protective orders that prohibit disclosure, as Continental asserts, where the joint defense agreements themselves contain | | |

confidentiality provisions that prevent their disclosure.  The protective orders, entered by the courts in the Underlying Actions, are publicly available and equally accessible to Continental.  To avoid doubt, copies of those orders are also attached to the affidavit of Jack Zemp, submitted with this chart.  Further, to the extent Defendants possess responsive documents, they are only in possession of those materials pursuant to a joint defense agreement that is confidential.

Defendants incorporate their position from Request No. 2 that it would be inappropriate to compel Defendants to seek permission to disclose confidential documents from third parties when Continental can accomplish this by serving subpoenas.

Ultimately, Defendants have already produced the written discovery responses that they served as third parties in the Underlying Actions.  They have also agreed to produce any written discovery responses in their possession so long as the

| | responses or the information therein were not designated confidential by the parties in the Underlying Actions.  If the Court determines that the remaining documents in this category are protected from discovery, Defendants request that the Court relieve them from the burden associated with creating a privilege log for each and every document. | | |
|---|---|---|---|
| Request No. 13: All expert reports served in any of the Underlying Actions. | Objections: Defendants object to this request on the basis of relevance, as the content of the expert reports in the Underlying Actions address subjects irrelevant to the issues in this case. Defendants also object to this request to the extent the requested responses contain confidential and/or proprietary business information that can only be disclosed pursuant to a mutually agreeable protective order from this Court, permission from the appropriate underlying court/parties, and with appropriate redactions to protect commercially sensitive information that is irrelevant to the issues in this case. Responsive documents, to the | *First,* this Request is narrowly tailored to seek easily identifiable documents directly relevant to the issues presented in this case. To be clear, the Request seeks expert reports served by any party in the Underlying Actions. For the reasons explained in detail in connection with Request No. 2, Allianz's objection as to relevance lacks the specificity required under the federal and local rules, and it should not be entitled to withhold documents responsive to this Request on the basis of this objection.  To the extent Allianz now states that it does not intend to withhold documents on the basis of these | |

| | | |
|---|---|---|
| | extent they are in Defendants' possession, are also subject to joint defense agreements. Defendants further object to this request as vague, as it is unclear whether Continental is requesting expert reports served by Defendants, Defendants' partners, or the underlying claimants.<br><br>Answer: Defendants incorporate and stand on their objections above, and will not produce documents responsive to this request absent a Court order. Defendants have made this clear to Continental through the meet and confer process.<br><br><u>Additional Response to Continental's Positions:</u><br>*First*, Defendants are not withholding documents on the basis of breadth, burden, or relevance and accordingly withdraw these objections. Defendants incorporate their position from Request No. 2 that their prior objections were asserted in good faith.<br><br>*Second*, the majority of the expert reports filed in the Underlying | improperly asserted objections, they should be withdrawn.<br><br>*Second,* for the reasons explained in detail in connection with Request No. 2, Allianz's objections to production on the basis that the Request seeks confidential documents or confidential and/or proprietary business information are improper because the Court has entered a mutually agreed protective order to enable to the protection of just such material. To the extent that Allianz contends there are joint defense agreements, confidentiality agreements, or protective orders that prevent the production of otherwise responsive documents notwithstanding the protective order, Allianz must (1) produce copies of those agreements/orders so that Continental can determine whether they in fact prohibit production, and (2) immediately seek any requisite consent to produce such documents.  At an absolute minimum, Allianz must log any documents or information withheld or redacted | |

| | | |
|---|---|---|
| | Actions are publicly available. The remainder were filed redacted or under seal by the parties in the Underlying Actions pursuant to the governing protective orders in those matters.  Defendants have withheld these reports based on legal authority.  These documents are subject to protective orders issued in the Underlying Actions. Those orders survive the underlying litigation and continue to have the full force and effect on the parties. *See Public Citizen v. Liggett Grp.,* 858 F.2d 775, 780–82 (1st Cir. 1988). Defendants, therefore, cannot produce the requested documents without violating the orders issued in the Underlying Actions. Courts in this Circuit recognize this as a valid basis to withhold documents in discovery.  *See*, *e.g.*, *Dickerson v. TLC The Laser Eye Ctr. (Inst.), Inc.*, No. CV 6:10-00685-JMC, 2010 WL 11640184, at *2 (D.S.C. Sept. 1, 2010) ("Courts which have been called upon to decide discovery motions that involve requests to modify or terminate a protective order previously issued by another court, whether state or federal, have frequently felt | on the basis of these objections to enable Continental to evaluate the propriety of these objections. | |

| | | |
|---|---|---|
| | constrained by principles of comity, courtesy, and, where a federal court is asked to take such action with regard to a previously issued state court protective order, federalism."). <br><br> *Third*, the fact that the Court has entered a confidentiality order in this case does not allow Defendants to violate prior orders by producing protected documents filed by non-parties.  Nor may Continental "evaluate" the joint defense agreements, confidentiality agreements, and/or protective orders that prohibit disclosure, as Continental asserts, where the joint defense agreements themselves contain confidentiality provisions that prevent their disclosure.  The protective orders, entered by the courts in the Underlying Actions, are publicly available and equally accessible to Continental.  To avoid doubt, copies of those orders are also attached to the affidavit of Jack Zemp, submitted with this chart.  Further, to the extent Defendants possess unredacted copies of the expert reports that were redacted or filed under seal, | | |

| | | | |
|---|---|---|---|
| | they are only in possession of those materials pursuant to a joint defense agreement that is confidential.<br><br>Defendants incorporate their position from Request No. 2 that it would be inappropriate to compel Defendants to seek permission to disclose confidential documents from third parties when Continental can accomplish this by serving subpoenas.<br><br>If the Court determines that an entire category of documents is protected from discovery, Defendants request that the Court relieve them from the burden associated with creating a privilege log for each and every document. | | |
| Request No. 14: All mediation statements in any of the Underlying Actions. | Objections: Defendants object to this request, as it is overly broad, unduly burdensome, seeks information that is irrelevant to the issues in this case, and is disproportional to the needs of this case. Defendants also object to this request, as it seeks documents that are protected by the mediation privilege and otherwise constitute | *First,* because Allianz has withdrawn its breadth, burden, and relevance objections, the parties appear to have resolved that part of their dispute pertaining to these specific objections..<br><br>*Second,* Allianz's objections to production on the basis that the | |

| | | |
|---|---|---|
| | confidential and privileged settlement communications. Responsive documents, to the extent they are in Defendants' possession, are also subject to joint defense agreements. The Defendants further object that the documents are irrelevant to the issues in this case, as none of the Underlying Actions were resolved through mediation, and what occurred during those sessions has no bearing on the amounts sought from Continental in this litigation.<br><br>Answer: Defendants incorporate and stand on their objections above, and will not produce documents responsive to this request absent a Court order.<br><br>Additional Response to Continental's Positions: First, Defendants are not withholding documents on the basis of breadth, burden, or relevance. Defendants have made this clear to Continental through the meet and confer process and accordingly withdraw these objections. Defendants incorporate their position from Request No. 2 that their prior | Request seeks confidential settlement communications or communications that are subject to the mediation privilege are improper. "While Federal Rule of Evidence 408 bars the admission of settlement communications and agreements at trial for certain purposes, nothing in Rule 408 renders such materials privileged against discovery." *Oppenheimer v. Episcopal Communicators, Inc.*, No. 1:19-CV-00282-MR, 2020 WL 4732238, at *4 (W.D.N.C. Aug. 14, 2020) (internal quotation marks and citation omitted). Moreover, for the reasons explained in detail in response to Request No. 2, such objections are improper because the Court has entered a mutually agreed protective order to enable to the protection of just such material. At an absolute minimum, Allianz must log any documents or information withheld or redacted on the basis of these objections to enable Continental to evaluate the propriety of these objections. | |

| | | |
|---|---|---|
| | objections were asserted in good faith.<br><br>*Second*, Defendants have withheld mediation statements from the Underlying Actions based on governing statutory law. Pursuant to Va. Code. Ann. § 8.01-581.22, "[a]ll memoranda, work products and other materials contained in the case files of a mediator or mediation program are confidential. Any communication made in or in connection with the mediation, which relates to the controversy being mediated, including screening, intake, and scheduling a mediation, whether made to the mediator, mediation program staff, to a party, or to any other person, is confidential." The statute expressly states that "[c]onfidential materials and communications are not subject to disclosure in discovery or in any judicial or administrative proceeding" except in certain limited circumstances that do not apply here. Any privileges in this action are governed by Virginia state law. *Hatfill v. New York Times Co.*, 459 F. Supp. 2d 462, 465–66 (E.D. Va. 2006). | *Third,* even where Va. Code. Ann. § 8.01-581.22 applies, the Fourth Circuit has held that disclosure of confidential information is permitted in certain circumstances. *See In re Anonymous,* 283 F.3d 627, 640 (4th Cir. 2002) (consenting for court mediator to disclose confidential information only "where such disclosure is mandated by manifest injustice, is indispensable to resolution of an important subsequent dispute, and is not going to damage our mediation program"). Particularly to the extent that the underlying mediations did not take place in Virginia or address any dispute pending in Virginia, it would be manifestly unjust for Allianz to shield the mediation statements from discovery based on a Virginia statute solely because this insurance coverage action is pending in that state. Further, discovery of such materials is indispensable to the resolution of this dispute because it will provide Continental critical insight into the global settlement efforts in a number of the Underlying Actions that | |

Moreover, the mediations in the Underlying Actions were conducted pursuant to the parties' written and/or verbal agreement that the communications would be kept confidential and would not be divulged to third parties. Continental's reference to Federal Rule of Evidence 408 is inapposite.

*Third*, Continental provides no authority for the proposition that it would be manifestly unjust to shield mediation statements from discovery pursuant to applicable Virginia law. It similarly fails to provide any authority for the contention that Virginia law does not apply – an issue that has been undisputed between the parties in this litigation.

This District has recognized that Virginia state law applies relating to privileges and has specifically held that Virginia's mediation statute applies to diversity cases. *See RegScan, Inc. v. Bureau of Nat. Affs., Inc.*, No. 1:11CV1129 JCC/JFA, 2012 WL 2994075, at *4 (E.D. Va. July 19, 2012) (applying Virginia's mediation statute to a

Continental contends are related. Such limited disclosure, subject to a protective order in this case, will not damage the mediation program, nor will it in any way prejudice the parties to the Underlying Actions to the extent those actions have already been resolved.

At a minimum, Continental should be entitled to discovery of any documents attached to the mediation statements or used at the mediations that were not created specifically for the mediation.

| | diversity action). "The application of a state privilege to this action based on diversity jurisdiction is straight-forward from the text of Rule 501.  And, the Court finds that Section 581.22's guarantee of confidentiality of mediation materials and communications is a 'privilege' within the meaning of Rule 501." *Id*.  Continental cannot selectively avoid the application of Virginia law when it is unfavorable to the insurer's position.

Similarly, any documents attached to the confidential mediation statements would be marked confidential. The statute does not create an exception for discovery of attachments that were not specifically created for the mediation, and Continental cites no such authority.  *See* Va. Code. Ann. § 8.01-581.22.

If the Court determines that the documents in this category are protected from discovery, Defendants request that the Court relieve them from the burden | | |

| | associated with creating a privilege log for each and every document. | | |
|---|---|---|---|
| Request No. 15: All documents referring to or reflecting settlement communications in the Underlying Actions, including communications with any adverse party and/or any mediator. | Objections: Defendants object to this request, as it seeks documents that are protected by the mediation privilege and otherwise constitute confidential and privileged settlement communications. Defendants also object to this request to the extent it encompasses communications between the Defendants, their partners, and/or their attorneys, as these communications are protected by the attorney-client privilege, work product doctrine, and joint defense privilege. Responsive documents, to the extent they are in Defendants' possession, are also subject to joint defense agreements. Further, the request seeks irrelevant documents in that it encompasses settlement communications that never produced a resolution of the Underlying Actions and therefore have no bearing on this litigation.<br><br>Answer: Defendants incorporate and stand on their objections above, and will not produce | *First,* this Request is narrowly tailored to seek easily identifiable documents directly relevant to the issues presented in this case. For the reasons explained in detail in connection with Request No. 2, Allianz's objections as to breadth, burden, and relevance lacks the specificity required under the federal and local rules, and it should not be entitled to withhold documents responsive to this Request on the basis of this objection.  To the extent Allianz now states that it does not intend to withhold documents on the basis of these improperly asserted objections, they should be withdrawn.<br><br>*Second,* Allianz's objections to production on the basis that the Request seeks confidential settlement communications or communications that are subject to the mediation privilege are improper.  "While Federal Rule of Evidence 408 bars the admission of settlement | |

| | | |
|---|---|---|
| | documents responsive to this request absent a Court order.<br><br>Additional Response to Continental's Positions: The portion of this Request seeking Defendants' mediation communications with other parties or the mediator presents substantively identical issues to those in connection with Request No. 14.  Defendants accordingly incorporate their additional response to Request No. 14 herein.<br><br>Regarding settlement communications outside of mediation, Defendants have withheld such documents based on governing legal authority.  Courts in this jurisdiction have held that settlement communications are undiscoverable unless the party seeking disclosure can demonstrate that "manifest injustice" will result from non-disclosure. "Application of the manifest injustice standard requires the party seeking disclosure to demonstrate that the harm caused by non-disclosure will be manifestly greater than the harm caused by disclosure." *In re* | communications and agreements at trial for certain purposes, nothing in Rule 408 renders such materials privileged against discovery." *Oppenheimer v. Episcopal Communicators, Inc.,* No. 1:19-CV-00282-MR, 2020 WL 4732238, at *4 (W.D.N.C. Aug. 14, 2020) (internal quotation marks and citation omitted); *Townsend v. Nestle Healthcare Nutrition, Corp.,* No. 3:15-CV-06824, 2016 WL 1629363, at *5 (S.D.W. Va. Apr. 22, 2016) ("[W]hen determining whether a settlement agreement or information concerning settlement negotiations are subject to production in discovery, courts in this circuit have found that *relevance* not *admissibility* is the appropriate inquiry.") (internal quotation marks and citations omitted). Moreover, for the reasons explained in detail in response to Request No. 2, such objections are improper because the Court has entered a mutually agreed protective order to enable to the protection of just such material. At an absolute minimum, Allianz must log any documents or | |

*Anonymous*, 283 F.3d 627, 637 (4th Cir. 2002); *CHS Inc. v. ABM Healthcare Support Servs., Inc.*, No. 7:19-CV-788, 2021 WL 149861, at *2–3 (W.D. Va. Jan. 15, 2021) (declining to compel production of settlement communications and finding that the party seeking disclosure "can obtain any relevant information it would glean from reviewing ongoing settlement communications . . . through other, less concerning or burdensome, means."). Continental cannot carry this burden.

Continental's position that the "manifest justice" standard applied in *In re Anonymous* somehow does not apply to settlement communications is unsupported by the cited cases or legal authority from this Circuit. In *CHS Inc.*, the Western District of Virginia relied on *Food Lion, LLC v. Dairy Farmers of Am., Inc.*, No. 1:20-CV-442, 2020 WL 6947921, at *4 (M.D.N.C. Sept. 29, 2020). *Food Lion* cited directly to *In re Anonymous* and its standard when it declined to compel production of settlement communications. *CHS*

information withheld or redacted on the basis of these objections to enable Continental to evaluate the propriety of these objections.

The "manifest injustice" standard applied by the Fourth Circuit in *In re Anonymous* related to a finding of waiver of the mediation privilege, *not* to settlement communications more broadly. While *a few* courts have applied this standard more broadly, particularly where settlement negotiations remain ongoing, there are no ongoing settlement negotiations for most, if not all, of the underlying action. *See CHS Inc. v. ABM Healthcare Support Servs., Inc.*, No. 7:19-CV-788, 2021 WL 149861, at *2-3 (W.D. Va. Jan. 15, 2021) (finding "it appropriate to proceed with caution when allowing one party to conduct discovery into another party's ongoing settlement negotiations"), Continental is not aware of any such cases within the Eastern District of Virginia. Indeed, the application of this heightened standard is inappropriate outside the context

| | | |
|---|---|---|
| | explicitly noted that "[a] few courts within the Fourth Circuit have distinguished the discovery of pre-settlement negotiations from the discovery of settlement agreements and found it appropriate to 'apply enhanced protections' to settlement communications." *CHS Inc.*, 2021 WL 149861 at *2. Other courts in this Circuit have held that "[a]lthough *Anonymous* arose in a different factual context, it strongly suggests to this Court that a party seeking discovery of settlement documents must demonstrate a heightened showing of need and relevance to the action." *Wyeth v. Lupin Ltd., No.* CV WDQ-07-632, 2008 WL 11509482, at *3 (D. Md. Mar. 28, 2008).<br><br>Continental provides no authority for the position that the relevance and manifest injustice standard does not apply to communications relating to completed negotiations.<br><br>*First*, Continental has failed to demonstrate how settlement | of Virginia's statutory provision related to the confidentiality of mediations. When that statute is not implicated, it is federal law regarding the appropriate scope of discovery that must be applied. As set forth above, federal law clearly allows the discovery of settlement communications. | |

| | | |
|---|---|---|
| | communications meet the heightened relevance standard applicable to these documents.  In fact, Continental has failed to demonstrate how they are relevant at all.  This case is about whether the Underlying Actions are related and the potential application of certain policy exclusions.  Settlement communications (whether they resulted in a settlement or not) are not relevant to these issues.  Further, as addressed in the attached affidavit, discovery would impose an undue burden on Defendants to identify and compile these communications, which date back numerous years.<br><br>*Second*, Continental's reference to Federal Rule of Evidence 408 and the entry of a protective order in this case is inapposite, as the governing law places the burden on Continental to prove its entitlement to discovery.  Even if some responsive documents are relevant (which they are not), Continental must prove that it is incapable of obtaining the information from other "less concerning or burdensome | | |

| | | | |
|---|---|---|---|
| | means." Here, nothing prevents Continental from deposing Defendants, and Defendants have already produced unredacted copies of the actual settlement agreements for which they seek coverage.  These available alternatives, amongst others, prevent Continental from meeting the heightened discovery burden imposed in this jurisdiction.<br><br>If the Court determines that the documents in this category are protected from discovery, Defendants request that the Court relieve them from the burden associated with creating a privilege log for each and every document. | | |
| Request No. 16: All documents relating to any settlement or potential settlement of any of the Underlying Actions. | Objections: Defendants object to this request, as it seeks documents that are protected by the attorney-client privilege, work product doctrine, and/or joint defense privilege, documents that are protected by the mediation privilege and otherwise constitute confidential and privileged settlement communications, and documents that are irrelevant to the issues in this case. This request | Continental understands that Allianz will produce copies of final settlement agreements in the Underlying Actions.  As such, the parties' dispute is substantively identical to the dispute addressed with respect to Request No. 15, and Continental therefore incorporates its position with respect to that request with respect to Request No. 16. | |

| | | | |
|---|---|---|---|
| | seeks documents protected by the attorney-client privilege, work product doctrine, and joint defense privilege because it encompasses communications between Defendants, their partners, and/or their attorneys, as well as materials that were created in preparation for litigation. This request also seeks documents protected by the mediation privilege and confidential and privileged documents that constitute or relate to protected settlement communications. Further, the request seeks irrelevant documents in that it encompasses settlement efforts that never produced a resolution of the Underlying Actions and therefore have no bearing on this litigation. <br><br>Answer: Defendants will produce copies of the settlement agreements that have resolved certain of the Underlying Actions pursuant to appropriate terms to be agreed upon by the parties to protect the confidentiality of these agreements. Defendants otherwise incorporate and stand on their objections above, and will not | | |

| | produce documents responsive to this request absent a Court order.<br><br>Additional Response to Continental's Positions: The issues in this Request are substantively identical to those in connection with Request No. 15.  Defendants accordingly incorporate their additional response to Request No. 15 herein. | | |
|---|---|---|---|
| Request No. 17: All documents relating to communications with any insurer, insurance agent, broker, consultant, or advisor concerning any of the Policies and/or any of the Underlying Actions. | Objections: Defendants object to this request, as it is overly broad and unduly burdensome, seeks irrelevant information, is disproportional to the needs of this case, and seeks information protected by the attorney-client privilege and work product doctrine. The request is overbroad, burdensome, and disproportional to the extent it seeks communications between Defendants and Continental, as such communications are already in Continental's possession. The request seeks irrelevant information to the extent it seeks communications between Defendants and any other insurer, which has no bearing on whether Continental owes coverage under | Allianz both states that it is withholding documents on the basis of burden and relevance yet also that it is producing all documents responsive to this Request.  To be clear, the documents Allianz states it will produce are not the universe of documents responsive to this Request.  This request would also encompass documents and communications relating to potential coverage in connection with the Underlying Actions under *other* policies issued to Allianz.<br><br>Continental understands that Allianz is refusing to produce such documents on the basis of burden and relevance.  For the | |

| | | |
|---|---|---|
| | the terms of the Policies in dispute. Further, the request seeks documents protected by the attorney-client and/or work product doctrine to the extent it seeks communications between Defendants and their "advisors" and "consultants," which includes their attorneys. Defendants also incorporate their objections from Request No. 3 addressing substantively similar information.<br><br>Answer: Consistent with Categories 18, 19, and 21 of Exhibit "B" of the Defendants' Initial Disclosures, Defendants will reasonably search for and produce (1) correspondence between Defendants and their brokers regarding the marketing agreements and/or the indemnity demands, (2) the Defendants' claims for insurance coverage, and (3) communications regarding the procurement of the insurance policies at issue. The Defendants do not have any responsive communications between Defendants and any non-attorney "advisors" or "consultants." As to any other communications contemplated by this interrogatory, | reasons explained in detail in connection with Request No. 2, Allianz's objections as to burden and relevance lack the specificity required under the federal and local rules, and it should not be entitled to withhold documents responsive to this Request on the basis of these objections.  To the extent Allianz no longer intends to withhold documents on the basis of these objections, they should be withdrawn.<br><br>Allianz's communications with other insurers are directly relevant here because the Continental policies contain other insurance provisions that may be implicated.  Moreover, to the extent another insurer wrongfully denied coverage in connection with the Underlying Actions, Continental may be entitled to recovery from those carriers.  At a minimum, such information is relevant to Allianz's expectations regarding coverage for the Underlying Actions.  For example, to the extent that Allianz believed it was entitled to coverage in connection with the Underlying | |

| | | |
|---|---|---|
| | Defendants incorporate and stand on their objections above, and will not produce documents responsive to this request absent a Court order.<br><br>Additional Response to Continental's Positions:<br>*First*, Defendants are not withholding documents on the basis of breadth, but do so on the basis of burden and relevance. As addressed in Defendants' objections and supporting affidavit, this Request is unduly burdensome because it seeks all of the communications between Defendants dating back numerous years, all of which are already in Continental's possession. Further, the Request seeks irrelevant documents to the extent it seeks communications between Defendants and any other insurer, which has no bearing on whether Continental owes coverage under the terms of the policies in dispute. Continental is not, as it suggests, entitled to use discovery in this case to build a case against another insurer that may have denied coverage. Continental also asserts that communications with other | Actions under other policies, that is relevant to Allianz's expectations regarding coverage. This is sufficient to satisfy the low bar for "relevance" in discovery.<br><br>Allianz cannot reasonably contend that it would face an undue burden in locating and producing such responsive documents. To the extent that there are so many responsive documents as to impose such a high burden on Allianz, that only serves to emphasize the need for such discovery. | |

| | insurers are relevant because their policies "contain other insurance provisions that may be implicated." Yet, a review of Continental's operative Amended Complaint (ECF No. 40) and Answer to Defendants' counterclaim (ECF No. 42) confirms that Continental has not raised the "other insurance" provision in this case. Accordingly, these communications are irrelevant to any claim or defense at issue.

*Second*, with respect to "Allianz's expectations regarding coverage for the Underlying Actions," Defendants have agreed to produce (1) correspondence between Defendants and their brokers regarding the marketing agreements and/or the indemnity demands, (2) the Defendants' claims for insurance coverage, and (3) procurement of the insurance policies at issue. Defendants have also clarified that they do not have any responsive communications between Defendants and any non-attorney "advisors" or "consultants." Defendants believe that the documents they have | | |
| --- | --- | --- | --- |

| | | | |
|---|---|---|---|
| | agreed to produced encompass the scope of discoverable materials responsive to this Request. Continental's attempt to use the undue burden imposed by this request as a justification for discovery simply turns the applicable legal standards on their head. | | |
| Request No. 18: All documents relating to the negotiation or procurement of any of the Policies. | Objections: Defendants object to this request as unduly burdensome, overly broad, and disproportional to the needs of this case to the extent it asks Defendants to produce documents that are already in Continental's possession. Defendants also object to this request to the extent it seeks documents protected by the attorney-client privilege. Defendants further object to this request as overly broad and vague, as it potentially encompasses a substantial and unclear scope of documents "relating to" negotiation and procurement.<br><br>Answer: Defendants will conduct a reasonable search for and produce any nonprivileged correspondence between Defendants and their broker(s) | This Request is narrowly tailored to seek information directly relevant to the issues presented in this case.  Indeed, Allianz concedes the discovery sought is relevant, and Continental fails to see how it is sufficiently broader than Request No. 17 to support a breadth and burden objection.  Allianz apparently is only willing to produce communications with its brokers relating to the negotiation or procurement of the Policies, which would not include, for example, internal documents or communications relating to the negotiation or procurement of the Policies.  For the reasons explained in detail in Connection with Request No. 2, Allianz's objections as to breadth and burden lack the specificity required under the federal and | |

| | | |
|---|---|---|
| | regarding the negotiation and procurement of the Policies. If this Request seeks documents beyond the scope of what Defendants will produce, Defendants incorporate and stand on their objections above, and will not produce documents responsive to this request absent a Court order.<br><br>Additional Response to Continental's Positions:<br>Defendants are not withholding documents on the basis of relevance, but do so on the basis of burden and breadth.  As addressed in Defendants' objections and supporting affidavit, this Request is unduly burdensome because it seeks substantial documents dating back numerous years, all of which are already in Continental's possession.<br><br>Further, the Request is overbroad because it seeks documents "relating to" the negotiation or procurement of any of the policies. Defendants have already agreed to produce nonprivileged correspondence between Defendants and their broker(s) regarding the negotiation and | local rules, and it should not be entitled to withhold documents responsive to this Request on the basis of these objections. | |

|  | procurement of the policies.  The fact that Continental continues to seek documents "relating to" negotiation and procurement confirms that this Request is far broader with an indeterminate and unclear scope. Continental's position that this Request would even extend to the Defendants' *internal* communications only further confirms how far the insurer has strayed from materials that bear on the availability of coverage under the subject policies. |  |  |