# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION


CONTINENTAL CASUALTY COMPANY,

     Plaintiff/Counterclaim Defendant,

v.                             Case No. 3:19-cv-0p0661-MHL

AWP USA INC. a/k/a AGA, INC., AGA
SERVICE COMPANY d/b/a ALLIANZ
GLOBAL ASSISTANCE, and JEFFERSON
INSURANCE COMPANY,

     Defendants/Counterclaim Plaintiffs.


**AFFIDAVIT OF JACK ZEMP IN SUPPORT OF DEFENDANTS'
DISCOVERY OBJECTIONS AND ANSWERS**

I, Jack Zemp, first being duly sworn, state as follows:

1.     I am the Vice President, Chief Legal Officer North America, and Secretary of AGA

Service Company, whose offices are located at 9950 Maryland Drive, Richmond, Virginia, 23233.

I hold similar positions with both Jefferson Insurance Company and AWP USA, Inc. I am duly

authorized to submit this affidavit (the "Affidavit") on behalf of the Defendants in this action.

2.     I submit this Affidavit with respect to Continental's First Set of Interrogatories and

Requests for Production ("Continental's Discovery Requests"), Continental's Notice of Objection

(ECF No. 54), and the parties' joint discovery submission to the Court dated November 19, 2021.

3.      I have personal knowledge regarding this litigation and have been involved in the Defendants' effort to obtain coverage from Continental since the inception of the Underlying Actions at issue.[1]

## Documents Protected from Disclosure by Court Order

4.      Certain documents sought by Continental's Discovery Requests are subject to protective orders entered in certain Underlying Actions. These documents include, but are not necessarily limited to: (1) clean versions of otherwise redacted pleadings (Request No. 9), (2) clean versions of otherwise redacted briefing and/or dispositive motions (Request No. 10), and (3) expert reports (Request No. 13).

5.      The actions containing such materials include:

   (a) *Zamber v. American Airlines, Inc.*, Case No. 16-CV-23901, U.S. District Court, Southern District of Florida;

   (b) *Donoff v. Delta Air Lines, Inc.*, Case No. 18-cv-81258, U.S. District Court, Southern District of Florida;

   (c) *Dolan v. JetBlue Airways Corp.*, Case No. 18-cv-62193, U.S. District Court, Southern District of Florida.

6.      The protective orders entered by each of these courts, which are a matter of public record, are attached hereto as **Exhibit "A"** (***Zamber***), **Exhibit "B"** (***Donoff***), and **Exhibit "C"** (***Dolan***).

7.      Unredacted versions of the documents sought by Continental are not available in the public records specifically because the redacted excerpts contain confidential information

---

[1] The Underlying Actions, collectively, are the various lawsuits against Defendants' partners as addressed in detail in Defendants' Counterclaim (ECF No. 41).

subject to the protective orders.  Because any unredacted versions of these documents are subject

to protection under orders entered in the Underlying Actions, Defendants believe in good faith

that they are prohibited from disclosing any unredacted versions to Continental.

### Documents Protected from Disclosure by Confidentiality Agreement

8.      Continental also seeks the production of marketing agreements between

Defendants and their partners who have demanded indemnity.  *See* Request No. 5.  The marketing

agreements contain highly sensitive commercial information concerning AGA's relationships

with multiple of its business partners.  This information would put AGA and its partners at a

competitive disadvantage with their competitors which, in the case of AGA, includes

Continental's sister-companies, if the information were disclosed. The marketing agreements

contain confidentiality provisions that contractually prevent Defendants from disclosing the

agreements absent consent from the contracting partner.  Certain partners have granted

Defendants permission to produce their agreements with redactions necessary to protect highly

sensitive and proprietary information contained therein.  Defendants intend to produce these

agreements in redacted form and appropriately account for these redactions in a privilege log

when the agreements are produced.

9.      At least one of the partners has refused to consent to the production of its redacted

marketing agreement unless the agreement is produced subject to an "attorneys' eyes only"

designation under an order entered by the Court in this action.  The protective order previously

agreed to by the parties and entered by the Court contains no such provision.  On October 27,

2021, Defendants asked that Continental agree to jointly seek modification of the protective order

in order to facilitate the production of all marketing agreements.  As of the date of this affidavit,

Continental has refused to respond to Defendants' request, forcing Defendants to seek the Court's assistance.

<u>**Requests that Fail to Meet a Heightened Relevance Standard**</u>
<u>**and are Unduly Burdensome**</u>

10.     Continental has also requested certain documents that are undiscoverable under a specially applicable heightened relevance standard, *In re Anonymous*, 283 F.3d 627 (4th Cir. 2002), and/or their production would impose an undue burden on Defendants in light of the relevant time frame, the volume of communications, and the hours required to compile, log, and produce the materials.

11.     Specifically, Continental has requested "all documents referring to or reflecting settlement communications in the Underlying Actions, including communications with any adverse party and/or any mediator." *See* Request No. 15. The Underlying Actions date back to September 2016 with the commencement of the *Zamber* action against American Airlines. Since that time, the claimants in the numerous Underlying Actions, Defendants, and their partners have intermittently engaged in some form of settlement discussions that have spanned the course of approximately five years. In Defendants' estimation, this likely constitutes hundreds (if not thousands) of individual settlement communications – the overwhelming majority of which were failed discussions that *never* resolved *any* of the Underlying Actions. Continental is accordingly seeking a substantial volume of documents in the possession of numerous custodians (including its outside attorneys) dating back multiple years. Defendants estimate that compiling these materials, appropriately logging them for privilege, and producing them to Continental would require dozens of hours from staff, in-house counsel, and external counsel, as well as tens of thousands of dollars in fees and costs.

12.    Moreover, Continental has requested all "documents related to communications with any insurer . . . concerning any of the Policies and/or any of the Underlying Actions," as well as "all documents relating to the negotiation or procurement of any of the Policies." *See* Request Nos. 17 and 18. The vast majority of these documents encompass communications between Defendants and Continental (which are already in Continental's possession).

13.    Further, any communications with Continental regarding the negotiation and procurement of the Policies would precede the inception of the 2016-17 Cyber and E&O policies at issue in this litigation. Since the inception of the *Zamber* action in September 2016, however, Defendants have had consistent communications with Continental regarding all of the Underlying Actions on subjects including the lawsuits, the partners' indemnity demands, the availability of coverage, settlement opportunities, and the instant litigation. Continental is accordingly seeking a substantial volume of documents in the possession of numerous custodians (including Defendants' outside attorneys) dating back multiple years. Defendants estimate that compiling these materials, appropriately logging them for privilege, and producing them to Continental would require dozens of hours from staff, in-house counsel, and external counsel, as well as tens of thousands of dollars in fees and costs. All of this would be for the sole purpose of producing documents to Continental that are already in Continental's possession.

**Categorically Undiscoverable Documents**

14.    Finally, Defendants have categorically withheld documents in response to certain discovery requests on the basis that they are undiscoverable in this litigation. This includes, but is not necessarily limited to: (1) all redacted pleadings in the Underlying Actions (Request No. 9), (2) all pleadings, orders, and written submissions to the arbitrators in the *Smith* Action (Request No. 11), (3) all expert reports served in the Underlying Actions (Request No. 13), (4)

all mediation statements in the Underlying Actions (Request No. 14), and (5) all settlement communications in the Underlying Actions, including communications with mediators (Request No. 15). Continental maintains, however, that Defendants must compile and log all responsive documents or information so it can evaluate the propriety of Defendants' objections.

15.     Collectively, these documents number in the thousands and are in the possession of numerous custodians (including Defendants' outside attorneys) dating as far back as 2016. Defendants further estimate that compiling these materials and logging all of them for privilege would require over 100 hours from staff, in-house counsel, and external counsel, as well as tens of thousands of dollars in fees and costs. Defendants submit that this is an unduly burdensome and meaningless exercise if the Court rules that these documents are categorically protected from discovery. Defendants accordingly request that the Court relieve them from the burden associated with creating a privilege log for each and every document if these documents are deemed undiscoverable.

To the best of my knowledge, information, and belief, I declare under penalty of perjury that the foregoing information is true and correct.

Dated: __11/19/21_____, 2021

_____

Jack Zemp
Vice President, Chief Legal Officer North
America, and Secretary of AGA Service
Company

{State of Virginia          }
{                          } ss.
{County of Henrico          }

Subscribed and sworn to (or affirmed) before me on this __19__ day of _November_
20_21_, by Jack Zemp, proved to me on the basis of satisfactory evidence to be the person who
appeared before me.

_____
Notary Public

> Patricia Joan Wisdom
> Commonwealth of Virginia
> Notary Public
> Commission No. 7502659
> My Commission Expires 11/30/2023

My commission expires: __11/30/2023_____

7

# EXHIBIT A

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

### CASE NO. 16-CV-23901-MARTINEZ/GOODMAN

KRISTIAN ZAMBER,

      Plaintiff,

v.

AMERICAN AIRLINES, INC.,

      Defendant.

_____/

### <u>AMENDED STIPULATED PROTECTIVE ORDER[1]</u>

The parties filed a joint motion requesting that the Undersigned enter an amended stipulated order under Federal Rule of Civil Procedure 26(c) for the protection of confidential information that the parties may produce or otherwise disclose during this litigation. [ECF No. 92]. The Undersigned **orders** as follows:

### DEFINITIONS GENERALLY

1.     As used in this Order, the term "Action" shall mean the above-captioned litigation between Kristian Zamber ("Plaintiff" or "Mr. Zamber") and American Airlines, Inc. ("American").

2.     As used in this Order, the terms "Party" and "Parties" shall mean any and

---

[1]    The Undersigned modified the proposed stipulated protective order, particularly in numbered paragraphs 12, 17, 22, 28, 31, and 38 (removed).

all named parties (i.e., Mr. Zamber and American), including any Party's current employees.

3.      As used in this Order, the term "Non-Party" shall mean any individual, corporation, association, or other natural person or entity that is not a named Party to the Action. This Order shall govern all Documents, materials, and information disclosed during the course of this Action in any form (including, but not limited to, Documents, materials, and information produced by a Party or Non-Party, disclosed through testimony, or contained in pleadings, motions, briefs, or other materials filed with the Court) for purposes of discovery or otherwise.

4.      As used in this Order, the term "Document" is intended to be comprehensive and includes any and all materials in the broadest sense contemplated by Rule 34 of the Federal Rules of Civil Procedure, and shall include all written, oral, recorded, or graphic material, however produced or reproduced including, but not limited to: all written or printed matter of any kind, including the originals and all non-identical copies thereof, whether different from the originals by reason of any notation made on such copies or otherwise; electronically stored information, software, and other computer data including, but not limited to, information stored in a computer at any time; all graphic or manual records or representations of any kind including, but not limited to, photographs, microfiche, microfilm, videotape, records, and motion pictures; electronic, mechanical, or electric records or representations of any kind

including, but not limited to, cassettes, discs, magnetic cards and recordings, optical and other media; and all drafts, alterations, modifications, changes, and amendments to any of the foregoing.

5.      As used in this Order, the term "privilege" shall mean the attorney-client privilege, the work-product doctrine, the common-interest or joint-defense doctrine, and/or any other privilege, protection, or immunity recognized by applicable law.

6.      As used in this Order, the term "Confidential Material" means any Document, material, or information supplied in any form, or any portion thereof, which is or contains confidential or proprietary business, commercial, research, personnel, process, product, or financial information of the producing Party or Non-Party that does not fall within the Highly Confidential Material designation (described below). A designation by a Party or Non-Party of Confidential Material shall constitute a representation to the Court that such Party or Non-Party believes in good faith that the information constitutes Confidential Material. The Parties and Non-Parties shall make a good faith effort to designate information only as needed. A Party or Non-Party designating information as Confidential Material shall mark each page of the Document containing such material as "Confidential."

7.      As used in this Order, the term "Highly Confidential Material" means any Document, material, or information supplied in any form, or any portion thereof, which a Party or Non-Party reasonably believes to be so highly sensitive that it is (i) the subject

3

of reasonable efforts to maintain its secrecy and (ii) sufficiently valuable and secret to afford a potential or actual advantage over others. By way of example, and not limitation, Highly Confidential Material includes trade secrets; confidential research and analysis; board materials and presentations; interactions with government regulatory bodies; negotiation strategies; commercial agreements between American and other entities; technical, sales, or other commercially sensitive information (including without limitation information or data relating to strategic plans, data received from a Non-Party pursuant to a non-disclosure agreement, commercial agreements, settlement negotiations, and settlement agreements); customer lists and information; proprietary software or systems; proprietary edits or customizations to software; proprietary process and product information; personnel files; and margin, cost, and pricing information. The Parties and Non-Parties shall make a good faith effort to designate information only as needed. A Party or Non-Party designating information as Highly Confidential Material shall mark each page of the Document containing such material as "Highly Confidential."

8.      Confidential Material and Highly Confidential Material may be collectively referred to here as "Protected Material."

## GENERAL PROVISIONS

9.      **Production for Inspection Purposes Only**. Notwithstanding the provisions of Paragraphs 6, 7, and 8, if a Party or Non-Party provides Documents,

materials, or information for inspection only, then no marking need be made by the producing Party or Non-Party in advance of the initial inspection, and the following procedures shall apply:

      a.    The producing Party or Non-Party shall not be considered to have waived the Protected Material status of Documents, materials, or information made available during such an initial inspection but not chosen by the inspecting Party for copying; and

      b.    Thereafter, upon selection of specified Documents, materials, or information for copying by the inspecting Party, the producing Party or Non-Party shall, within twenty-one (21) days (or such longer period as may be agreed upon by the Parties), and prior to providing copies of the selected Documents, materials, or information to the requesting Party, mark each page as may contain Protected Material in accordance with this Order.

    10.    **Depositions**. From the date of a deposition until twenty-one (21) days after receipt of a final deposition transcript, such transcript shall be deemed Highly Confidential Material in accordance with this Order. The designation by a Party or Non-Party of a transcript, exhibit, or video recording (or any portion thereof) as Confidential Material or Highly Confidential Material shall be made in writing and served upon all counsel of record and the relevant court reporter. Designations of a transcript are to be conducted on a page-by-page or line-by-line basis. Any designation of a transcript (or

portion thereof) shall be treated as a designation of the corresponding video, or portion thereof, and vice-versa.

11.     **Using Protected Material at Depositions**. Subject to the terms of this Order and the Federal Rules of Civil Procedure, any Party may use Confidential Material or Highly Confidential Material in an examination of a witness at a deposition, provided that:

a.     the witness is an author, addressee, recipient, or source of the Protected Material;

b.     the witness is a current or former employee of the producing Party or Non-Party and has or had lawful access to the specific Document containing the Protected Material to be disclosed;

c.     the witness is likely to have had knowledge of the Protected Material to be disclosed;

d.     the witness is one of the persons identified in Paragraph 13 (for Confidential Material) or Paragraph 14 (for Highly Confidential Material) as the case may be; or

e.     the Party wishing to use Protected Material in an examination of a witness obtains consent, which shall not be unreasonably withheld, from the producing Party or Non-Party prior to using such Protected Material.

12.     **Objections to Designation or Treatment**. A Party may at any time, in

good faith, object to the designation of any Document or specific information as
Protected Material by stating its objection in writing, which specifies the Document or
information challenged (or, where appropriate, by reasonably defined categories of
Documents or information challenged) and including a statement of the legal or factual
basis for each objection, to the Party or Non-Party making the designation, and it shall
make a good faith effort to resolve the dispute with counsel for the Party or Non-Party
so designating the Document or information. If the Parties cannot reach agreement as to
the designation, then the receiving Party or objector may seek appropriate relief
through the Court's Discovery Procedures Order. [ECF No. 80, p. 8].

## DISCLOSURE OF PROTECTED MATERIAL

13.    **Confidential Material**. Subject to all other terms of this Order,
Confidential Material may be disclosed only to:

      a.     the Parties;

      b.     if the Confidential Material was produced by a Non-Party, then the
Non-Party that produced the Confidential Material;

      c.     the Parties' and/or Non-Parties' attorneys involved in this Action
(and the partners, associates, paralegals, and clerical and support personnel, including
outside vendors, working under the direct supervision of such counsel and that are
directly involved in or assisting in this Action);

      d.     each Party's and/or Non-Parties' respective in-house attorneys who

are practicing law on behalf of the Party or Non-Party, as the case may be, as part of their job responsibilities;

      e.    the Court and all persons assisting the Court in the Action, including special masters, mediators, court reporters taking testimony involving such information, and necessary stenographic and clerical personnel thereof, in accordance with the procedures set forth below;

      f.    persons retained as consultants or experts by any Party and/or Non-Party for the purposes of this Action and principals and employees of the firms with which consultants or experts are associated and who are directly involved and assisting in this Action (but excluding any consultants or experts known to be regularly employed or engaged by a current or prospective competitor of the Party or Non-Party that designated the material as Confidential Material);

      g.    persons other than consultants or experts who are retained to provide purely administrative assistance to counsel for any Party and/or Non-Party for the purpose of the Action, including litigation support services and outside copying services;

      h.    persons whom the Confidential Material itself indicates, or the receiving Party otherwise has reason to believe, were the author, addressee, source, or recipient of the Document;

      i.    any person noticed or called to testify as a witness at a deposition,

hearing, mediation, trial, or other proceeding in the Action, and for the purpose of
assisting in the preparation or examination of the witness, provided that the
requirements of Paragraph 11 have been satisfied;

       j.    any other person hereafter designated by written stipulation of the
Parties or by further order of the Court; and

       k.    any person to whom the producing Party or Non-Party agrees in
writing disclosure may be made.

    14.    **Highly Confidential Material**. Subject to all other terms of this Order,
Highly Confidential Material may be disclosed only to:

       a.    the Parties' and/or Non-Parties' attorneys involved in this Action
(and the partners, associates, paralegals, and clerical and support personnel, including
outside vendors, working under the direct supervision of such counsel and that are
directly involved in or assisting in this Action);

       b.    the Court and all persons assisting the Court in the Action,
including special masters, mediators, court reporters taking testimony involving such
information, and necessary stenographic and clerical personnel thereof, in accordance
with the procedures set forth below;

       c.    persons retained as consultants or experts by any Party and/or
Non-Party for the purposes of this Action and principals and employees of the firms
with which consultants or experts are associated and who are directly involved and

assisting in this Action (but excluding any consultants or experts known to be, or to have been, employed or engaged by a current or prospective competitor of the Party or Non-Party that designated the material as Confidential Material);

    d.    persons other than consultants or experts who are retained to provide purely administrative assistance to counsel for any Party and/or Non-Party for the purpose of the Action, including litigation support services and outside copying services;

    e.    persons whom the Confidential Material itself indicates, or the receiving Party otherwise has reason to believe, were the author, addressee, source, or recipient of the Document;

    f.    any person noticed or called to testify as a witness at a deposition, hearing, mediation, trial, or other proceeding in the Action, and for the purpose of assisting in the preparation or examination of the witness, provided that the requirements of Paragraphs 11(a), 11(d), or 11(e) have been satisfied; provided, however, that if the person is a Non-Party, then consent must be first obtained from the Party or Non-Party designating the material to be Highly Confidential Material;

    g.    each Party's and/or Non-Party's respective in-house attorneys who are practicing law on behalf of the Party or Non-Party, as the case may be, as part of their job responsibilities;

    h.    any other person hereafter designated by written stipulation of the

Parties or by further order of the Court; and

   i.  any person to whom the producing Party or Non-Party agrees in writing disclosure may be made.

  **15.** **Security of Protected Material.**

   a.  **Security Requirements**. Plaintiff and his attorneys in this case ("Receiving Party") agree to apply commercially reasonable safeguards for Protected Material that is in Receiving Party's possession or under Receiving Party's control in order to protect the same from unauthorized access that would violate the Order or any data laws. These safeguards include:

     i.  All Protected Material will be exclusively stored with a third-party service provider ("Provider") who shall at all times be (i) in compliance with all data laws and (ii) consistent in all material respects with the guidelines, principles or frameworks embodied in (A) ISO 27001 and ISO 27002 and (B) industry standard practices;

     ii.  Receiving Party's electronic access to and review of Confidential Material stored with the Provider shall be solely through an encrypted communication;

     iii.  When not in use, Receiving Party shall at all times maintain any paper copies of the Protected Material in a physically secure location, including safes, locked cabinets, or locked drawers;

      iv.      The Confidential Material shall not be kept on or copied to thumb drives or other portable storage devices except in an encrypted form;

      v.      The Confidential Material shall not be reviewed or placed in view of the public;

      vi.      Receiving Party will advise American Airlines and/or any Non-Party of any security breach within twenty-four (24) hours of its discovery; and

      vii.      Plaintiff's counsel shall advise its employees, agents or contractors with access to Protected Material of the foregoing security requirements and to adhere to same.

As used in this section, "data laws" means as in effect from time to time, any law, rule, regulation, declaration, decree, directive, statute, or other enactment, order, mandate, or resolution, which is applicable to either Plaintiff (or his lawyers) or American or any Non-Party, issued or enacted by any domestic or foreign, supra-national, national, state, county, municipal, local, territorial, or other government or bureau, court, commission, board, authority, or agency, anywhere in the world, relating to data security, data protection and/or privacy.

      b.      **Data Processing Requirements**. Receiving Party agrees and acknowledges that Protected Material may be disclosed by Receiving Party to the

Provider only after the Provider has executed a nondisclosure agreement pursuant to this Order. Prior to the Provider disclosing or allowing access to the Protected Material to another third-party (e.g., also a "Provider"), such additional third-party shall be required to execute a nondisclosure agreement in accordance with this Order. As between Receiving Party and the producing Party and/or Non-Party, as the case may be, Receiving Party shall have sole responsibility for the acts and omissions of any such Provider to the extent such acts or omissions are not consistent with Receiving Party's obligations with respect to the use of the Protected Material as provided in this Order.

16.     **Acknowledgment and Acceptance of Terms of this Order**. Before any Confidential Material is disclosed to the persons identified above in Paragraphs 13(f)– 13(k) or Paragraphs 14(c)–14(i), such persons shall be provided with a copy of this Order and shall execute the Acknowledgment of Protective Order attached as Exhibit A. Counsel for the Party or Non-Party seeking to disclose information pursuant to this Order shall retain the original copies of executed Acknowledgment forms and need not disclose who has executed them during the course of this Action, unless a dispute arises as to the dissemination of Protected Material to persons other than those identified as authorized under this Order.

17.     **Procedure Before Disclosure of Highly Confidential Material to Parties**. A receiving Party's counsel may believe that it must show certain limited pieces of information marked "Highly Confidential" by a producing Party or Non-Party to its

clients to adequately prepare its case for trial. If a receiving Party believes that information falls within this category, then it shall identify the information to the producing Party or Non-Party, as the case may be, with specificity and disclose the individuals to whom it wishes to disclose the information. The producing Party or Non-Party will provide a good faith response concerning its willingness (or lack of willingness) to permit the information to be shown to the disclosed individuals within ten (10) business days. If the producing Party or Non-Party is unwilling to permit the receiving Party to show the information to the receiving Party's clients, then the receiving Party may then raise the matter with the Court through the Court's Discovery Procedures Order. [ECF No. 80, p. 8]. Notwithstanding any other provision of this Order, nothing in this Order shall limit the ability of any Party or Non-Party to disclose to any person Protected Material produced or designated by such Party or Non-Party, or that is a business record of such Party or Non-Party.

18. **Protected Material to be Used Only for this Action**. Unless otherwise agreed to in writing by the Parties, Documents produced in this Action, including Protected Material, may be used only in this Action, and may not be used in any other action, proceeding, arbitration, or for any purpose unconnected to this Action.

19. **Redaction**. If Protected Material contains information of a particularly sensitive, personal nature relating to a Party or Non-Party's customers or employees, then the producing Party or Non-Party, as the case may be, may make redactions of that

material. Information appropriate for redaction includes, without limitation: social security numbers, home or mobile phone numbers, secure traveler ID numbers, frequent flier numbers (except AAdvantage numbers), credit card numbers, and driver's license, passport, or similar identification numbers, or any other information required to be protected under applicable law.

     **20.**    **Maintaining Confidentiality.**

     a.    All persons authorized by this Order to receive Protected Material shall maintain such information as confidential consistent with the terms of this Order and shall agree to be bound by its terms. Accordingly, no person, firm, corporation, or other entity shall use, disclose, make available, or otherwise communicate Protected Material in any manner whatsoever except for purposes of the Action, and then only in a manner consistent with this Order. A Party's or Non-Party's use for any purpose of its own Documents and information which it produces or discloses in the Action shall not be considered a violation of this Order. All Highly Confidential Material (including any summaries, abstracts, or other related information that includes, discusses, summarizes, or refers to any Highly Confidential Material (or information taken therefrom)) shall be kept in a secure location that is under the control of a person authorized by this Order to receive such information. No Party receiving Highly Confidential Material shall permit such material to be transmitted, accessed, disseminated, or transported outside of the borders of the United States of America.

b.     Persons having knowledge of Protected Material by virtue of the disclosure of such information in discovery in this Action shall use that Protected Material only in connection with the prosecution or appeal of the Action, and shall neither use such Protected Material for any other purpose nor disclose such Protected Material to any person who is not identified in paragraphs 13 and 14 of this Order.

21.     **Rendering Legal Advice**. Nothing in this Order shall restrict any Party and/or Non-Party's counsel from rendering advice to its clients with respect to this Action and, in the course thereof, relying upon Confidential Material or Highly Confidential Material; provided, however, that in rendering such advice, outside counsel shall not disclose any other Party's or Non-Party's Confidential Material or Highly Confidential Material other than in a manner provided for in this Order.

## USE OF PROTECTED MATERIAL BY A PARTY IN THIS ACTION

22.     In the event a Party wishes to use Protected Material:

a.     in any affidavits, briefs, memoranda of law, exhibits to motions, or other papers filed in Court in the Action, a Party shall redact such filings so as to remove any Protected Material. This Order, however, does not authorize either Party to seal court filings or court proceedings. The Parties shall comply with Local Rule 5.4 when seeking to file documents under seal in the court file. Submissions filed with the Clerk's office are presumptively open and accessible to the public. A Party seeking to file material under seal shall have the burden of demonstrating why sealing is necessary

-- especially if the material is filed in connection with a request for a substantive ruling, like a summary judgment motion.

b. in hearings, oral arguments, or other appearances in court in the Action, the Parties, and each Non-Party producing any Protected Material sought to be used, shall confer and attempt to agree before any hearing on the procedures under which Protected Material may be introduced into evidence or otherwise used at such hearing. Upon reaching agreement, the Parties and Non-Party or Non-Parties, as the case may be, shall submit their proposal to the Court and give notice of the terms of such agreement. Absent agreement, the Court shall be asked by the Parties and/or Non-Parties to issue an order governing the use of such Protected Material at such a hearing upon reasonable notice to all Parties and Non-Parties that have produced such Protected Material.

c. This Order governs only pretrial proceedings. The protections applicable during pretrial discovery proceedings herein to Protected Material shall apply during trial proceedings only pursuant to a separate order of the Court.

### REQUEST FOR CURE OF UNAUTHORIZED DISCLOSURES

23. Any Party or Non-Party (or counsel to any Party or Non-Party) that becomes aware of any unauthorized disclosure of Protected Material or any breach of this Order shall promptly give notice to the Party or Non-Party that produced or supplied the Protected Material of such circumstances, including a reasonable

description of the circumstances that led to the unauthorized disclosure. Upon such notice, the Party or Non-Party that produced or supplied the Protected Material may seek such other relief as is appropriate. In any event, the Party or Non-Party that made the unauthorized disclosure shall immediately take all reasonable steps to cure the unauthorized disclosure (by, inter alia, retrieving such information) and shall make every effort to prevent further disclosure.

## SUBPOENAS COMMANDING PRODUCTION OF PROTECTED MATERIAL

24.     If any Party has obtained Protected Material under the terms of this Order and receives a subpoena, civil investigative demand, or other compulsory process commanding the production of such Protected Material, then such Party shall notify the counsel of record for the producing Party or Non-Party, in writing (including, but not limited to, e-mail) no later than seven (7) days following the discovery that the subpoena or process order calls for Protected Material. Within seven (7) days of receipt of notification, the producing Party or Non-Party shall inform the subpoenaed Party either that it does not object to production of the Protected Material or that it will seek court protection to prevent the production. If the producing Party or Non-Party fails to provide the subpoenaed Party with a response, the subpoenaed Party may produce the Protected Material after fourteen (14) days following the subpoenaed Party's notification of the subpoena to the producing Party or Non-Party. In the event the producing Party or Non-Party informs the subpoenaed Party that it will seek court

protection to prevent the production, the subpoenaed Party shall not produce any Protected Material without the prior written consent of the producing Party or Non-Party unless required by an order of a court of competent jurisdiction.

### PRODUCTION OF PROTECTED MATERIAL WITHOUT DESIGNATION

25.     The production of Protected Material without a designation as Confidential Material or Highly Confidential Material, as the case may be, shall not be deemed a waiver or impairment of any claim of privilege or protection of the confidential nature of any such material. Upon a Party or Non-Party's discovery that its information was not correctly designated, that Party or Non-Party shall provide notice to the other litigants that the information was inappropriately designated and shall re-designate the information. Additionally, upon notice that any Confidential Material or Highly Confidential Material has not been appropriately so designated and should be re-designated as Confidential Material or Highly Confidential Material, the Party receiving such notice shall make a reasonable, good faith effort to ensure that any analyses, memoranda, or notes that were generated based upon such material before its re-designation shall immediately be treated in conformity with any such re-designation.

### INADVERTENT PRODUCTION OF PRIVILEGED, PROTECTED, OR OTHER MATERIAL IMMUNE FROM DISCOVERY

26.     Pursuant to Federal Rule of Evidence 502, the production or disclosure of a Document containing material subject to a claim of privilege (as defined in this Order) shall not constitute a waiver, in this or any other federal or state proceeding, of any

privilege applicable to that Document or the material contained in that Document -- even if the producing Party or Non-Party made no effort to prevent the disclosure. A producing Party's or Non-Party's use of its own Document (e.g., as a deposition exhibit) containing material subject to a claim of privilege shall not constitute a waiver of any applicable privilege unless the Party affirmatively uses or relies upon the specific material contained in the Document that is subject to the claim of privilege.

27. A producing Party or Non-Party may, at any time, demand that a receiving Party return or destroy a Document containing material subject to a good-faith claim of privilege. The demand shall be made in writing and shall identify the Document to be returned or destroyed by Bates range whenever possible. Within twenty-one (21) days of receiving such a demand, a receiving Party shall certify in writing that (1) it has returned, destroyed, or otherwise sequestered all copies or versions of the Documents requested to be returned or destroyed and that the receiving Party shall not attempt to examine, review, or use such Documents without further order of the Court permitting such activity; and (2) the receiving Party has deleted or sequestered from its work product or other materials any information or material derived from the Documents requested to be returned or destroyed. Within twenty-one (21) days of receipt of the receiving Party's certification, a producing Party or Non-Party shall provide a privilege log for any Documents demanded to be returned as well as redacted versions of any of those Documents that contain both privileged and non-

20

privileged information and placeholder images for Documents containing exclusively privileged information.

28.     After receipt of the producing Party's or Non-Party's privilege log and a good faith effort to meet and confer, a receiving Party may seek appropriate relief through the Court's Discovery Procedures Order. [ECF No. 80, p. 8]. Unless ordered by the Court, a requesting Party may not use any information contained in the Document that has been clawed back for any purpose, unless that same information is available from a non-privileged source.

29.     If a receiving Party receives Documents that it has reason to believe are subject to a good faith claim of privilege, then the receiving Party must refrain from examining the Documents any more than is essential to ascertain if the materials are reasonably subject to a privilege claim. The receiving Party shall promptly notify the producing Party or Non-Party in writing that the receiving Party possesses material that appears to be privileged or otherwise protected from disclosure. The producing Party or Non-Party shall have twenty-one (21) days, or such other time as the Parties or Non-Parties may agree or the Court may order, to assert privilege over the material identified by the requesting Party. If, within the time allowed, the producing Party or Non-Party does not assert privilege, then the material in question shall be deemed non-privileged.

## MISCELLANEOUS PROVISIONS

30.     Nothing contained in this Order shall be construed as an admission that any Document or information, or any testimony relating to such Document or information, is or would be admissible in evidence in this Action or in any other proceeding.

31.     Nothing contained in this Order shall affect the rights of the Parties or Non-Parties to object to discovery, nor shall it relieve a Party or Non-Party of its obligation to properly respond or object to discovery requests, nor shall it preclude any Party or Non-Party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure and the Court's Discovery Procedures Order. [ECF No. 80, p. 8].

32.     The parties to the Action reserve all rights to apply to the Court for any order modifying this Order, seeking greater access to Protected Materials than those provided herein.

33.     Nothing contained in this Order shall affect the ability of the Parties to alter the time periods set forth in this Order by agreement.

34.     Any person or entity requiring further confidentiality protection may petition the Court for a separate order governing disclosure of its information.

35.     When serving subpoenas on Non-Parties, a copy of this Order (including Exhibit A) shall be included with the subpoena, and the subpoena shall expressly

incorporate by reference the terms of this Order.

36. The provisions of this Order shall survive the conclusion of the Action.

## COMPLETION OF LITIGATION

37. Within thirty (30) days after the resolution of the Action (including resolution of all appellate proceedings), all Documents and copies of all Documents (other than exhibits of record) produced or supplied by a Party or Non-Party which contain Protected Material shall be either destroyed or returned to the Party or Non-Party that produced or supplied the Protected Material. Upon request of the Party or Non-Party that produced or supplied the Protected Material, all counsel of record who received such Documents shall certify compliance herewith and shall deliver the same to counsel for the Party or Non-Party that produced or supplied the Protected Material not more than thirty (30) days after the final resolution of the Action (including resolution of all appellate proceedings).

**DONE AND ORDERED** in Chambers, in Miami, Florida, on December 12, 2017.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Jose E. Martinez
All counsel of record

23

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 16-CV-23901-MARTINEZ/GOODMAN**

KRISTIAN ZAMBER,

      Plaintiff,

v.

AMERICAN AIRLINES, INC.,

      Defendant.

_____/

**<u>ACKNOWLEDGMENT OF PROTECTIVE ORDER</u>**

      I hereby certify that I have received a copy of the Order Governing the Use and Disclosure of Confidential Information, dated _____ (the "Order"). I further certify that I have read or that I am otherwise familiar with and understand the contents of the Order.

      I understand and agree to comply with the standards, requirements, and procedures that are set forth in the Order. I understand that compliance with these standards, requirements, and procedures is a condition of receipt of Confidential Material or Highly Confidential Material (as defined in the Order), and that a failure to comply with the Order may constitute contempt of the Court and/or a violation of applicable law.

I agree to consent to the jurisdiction of this Court for the purpose of enforcing the

Order.

Signature: _____

Printed Name: _____

Date: _____

Address: _____

Telephone: _____

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 18-cv-81258-DMM

JUDITH MARILYN DONOFF
on behalf of herself and all others
similarly situated,

      Plaintiffs,

v.                                                                    **CLASS ACTION**

DELTA AIR LINES, INC.,

      Defendant.

_____/

## MOTION FOR ENTRY OF PROTECTIVE ORDER TO GOVERN DISCOVERY

Plaintiff Judith Donoff ("Plaintiff" or "Ms. Donoff"), pursuant to Federal Rule of Civil Procedure 26(c), Federal Rule of Evidence 502, and Local Rules 7.1 and 26.1 of the United States District Court for the Southern District of Florida, respectfully moves this Court for entry of a protective order to govern the use and disclosure of all confidential and/or privileged information, documents, or materials produced in this action, and in support thereof state as follows:

### MEMORANDUM OF LAW

1.      Under Federal Rule of Civil Procedure 26(c), a court may issue a protective order that requires "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way[.]"  Fed. R. Civ. P. 26(c)(1)(G).  A court, however, may only issue a protective order "for good cause." Fed. R. Civ. P. 26(c)(1).

2.      During the parties' conferral process that preceded this motion, counsel for the Defendant ("Delta") advised Plaintiff's counsel that they expected that certain documents produced and testimony taken in this matter may involve inquiries into the confidential, proprietary, or sensitive business information of Delta and non-parties.  Delta thus represented to Plaintiff's counsel that there was cause for the Court to enter a protective order in this case to avoid the unnecessary disclosure of this information. *See Chicago Tribune Co. v. Bridgestone/Firestone Inc.*, 263 F.3d 1304, 1313–14 (11th Cir. 2001) (finding good cause for entry of a protective order in order to protect proprietary corporate information).

3.      Based upon Delta's representations, counsel prepared the protective order attached as Exhibit 1, which is based on the model confidentiality order used in federal district courts in the Northern District of Illinois.  *See* N.D. Ill. Local Rule ("LR") Form 26.2 (attached as Exhibit 2).  A protective order substantively the same as Plaintiff's proposed order is being submitted to the court for approval in the highly related matter of *Flores v. United Airlines, Inc.*, 18-cv-06571 (N.D. Ill.).

4.      Plaintiff's proposed Order Governing the Use and Disclosure of Confidential Information, attached as Exhibit 1, provides a comprehensive framework within which the parties may categorize, use, disclose, and challenge the confidentiality designations of documents, materials, and other information that has or will be produced or disclosed in this Action.

5.      The order allows for both Delta and non-parties to designate documents or deposition testimony as confidential under the order, with resulting restrictions on the individuals who may review any material so designated.  Moreover, the order incorporates the provisions of S.D. Fla. L.R. 5.4 related to motions to file material under seal, in the event that a party or non-

2

party believes in good faith that materials produced in discovery should be submitted to this Court under seal. As a result, the Plaintiff believes that the proposed Order will sufficiently protect the confidential, proprietary, or sensitive business information of Delta and non-parties.

6. During the conferral process that preceded this motion, counsel for Delta proposed a protective order that had multiple tiers of confidentiality designations.[1] Plaintiff cannot agree to such an order, and Plaintiff's counsel could not locate a model protective order in any federal district that contained multiple confidentiality tiers. Such an order allows a party to dramatically over-designate its discovery materials with some form of "confidential" label. For example, in the matter of *Zamber v. American Airlines, Inc.*, 16-cv-23901 (S.D. Fla.), the operative protective order had two confidentiality tiers ("Confidential" and "Highly Confidential"), and American Airlines designated nearly 99% of its entire production with some confidentiality designation, and certain third-parties designated 100% of their productions confidential. This resulted in unnecessary litigation and expenditures of the presiding court's time to redress the dramatic over-designations.

7. Therefore, Plaintiff's proposed order balances the need for protection for documents or testimony designated in good faith, while simultaneously guarding against overzealous designations and abuse of the designation process. *See Stiles v. Equifax Info. Servs. LLC*, No. 9:16-CV-81488-DMM, 2017 WL 65884, at *1 (S.D. Fla. Jan. 4, 2017) ("Experian argues that the Protective Order inappropriately provides that the Court may sanction a party for an unjustified or improper confidentiality designation, as well as a frivolous challenge to a

---

[1] Counsel for Defendant also represents JetBlue Airways Corporation in 18-cv-62193 (S.D. Fla), and proposed the same protective order in that matter, over which the parties' conferred extensively.

confidentiality designation. The Court finds that these provisions preserve the Court's discretion in imposing sanctions and serve the important purpose of preventing the Parties from abusing the Protective Order.") (entering proposed protective order predicated upon model order from Northern District of California) (Middlebrooks, J.).

WHEREFORE, based upon Delta's representations to Plaintiff's counsel, Plaintiff respectfully requests that this Court enter the proposed Order Governing the Use and Disclosure of Confidential Information attached hereto as Exhibit 1.

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 7.1(a)(3)(B), counsel for Plaintiff extensively conferred with counsel for Delta regarding the entry of a proposed Order both through telephonic and electronic means. Although counsel for Delta agrees with the entry of a protective order, they oppose entry of this particular proposed Order.

Dated: November 16, 2018

Respectfully submitted,

*s/ Alec H. Schultz*
Scott B. Cosgrove
  Florida Bar No. 161365
Alec H. Schultz
  Florida Bar No. 35022
John R. Byrne
  Florida Bar No. 126294
Jeremy L. Kahn
  Florida Bar No. 105277
LEÓN COSGROVE, LLP
255 Alhambra Circle, Suite 800
Coral Gables, Florida 33134
Telephone: 305.740.1975
Facsimile: 305.437.8158
Email: scosgrove@leoncosgrove.com
Email: aschultz@leoncosgrove.com
Email: jbyrne@leoncosgrove.com

4

Email:  jkahn@leoncosgrove.com

*Counsel for Plaintiff and the Class*

LEÓN COSGROVE, LLP

255 ALHAMBRA CIR.  |  SUITE 800  |  CORAL GABLES, FL 33134  |  T 305.740.1975  |  WWW.LEONCOSGROVE.COM

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 16, 2018, I electronically filed the foregoing with the Clerk of Court using CM/ECF system which in turn will serve a copy by electronic mail to all counsel of record.

| | |
|---|---|
| Lazaro Fernandez, Jr.<br>Fla. Bar No. 716545<br>Denise B. Crockett<br>Fla. Bar No. 327913<br>**STACK FERNANDEZ & HARRIS, P.A.**<br>1001 Brickell Bay Drive, Suite 2650<br>Miami, Florida 33131<br>Tel: (305) 371-0001<br>Email: lfernandez@stackfernandez.com<br>Email: dcrockett@stackfernandez.com<br>Email: gmartich@stackfernandez.com<br>Email: mwolf@stackfernandez.com<br>*Attorneys for Defendant, Delta Air Lines, Inc.* | Gayle I. Jenkins, Esq. (*Pro Hac Vice*)<br>**WINSTON & STRAWN LLP**<br>333 South Grand Avenue, 38th Floor<br>Los Angeles, CA 90071-1543<br>Tel: (213) 615-1863<br>Email: gjenkins@winston.com<br>Email: rsalyer@winston.com<br>Email: docketla@winston.com<br>*Attorneys for Defendant, Delta Air Lines, Inc.* |

/s/ Alec H. Schultz
Alec H. Schultz

Case 3:19-cv-00661-MHL-EWH Document 54 Entered on FLSD Docket 11/09/2021 Page 1 of 13



# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 18-cv-81258-DMM

JUDITH MARILYN DONOFF
on behalf of herself and all others
similarly situated,

      Plaintiffs,

v.                                               **CLASS ACTION**

DELTA AIR LINES, INC.,

      Defendant.

_____/

## **PROTECTIVE ORDER GOVERNING DISCOVERY**

For good cause shown, it is ORDERED:

1.    **Scope.**  All materials produced or adduced in the course of discovery, whether by a party or a non-party, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2.    **Confidential Information.**  As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the producing party or non-party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential;  (d) medical information concerning any individual; (e) personal identity information, including personal financial information; (f) income tax returns (including attached

schedules and forms), W-2 forms and 1099 forms; (g) personnel or employment records of a person who is not a party to the case, or (h) information that is subject to contractual confidentiality obligations to third parties. Information or documents that are available to the public may not be designated as Confidential Information.

3.      **Designation.**

(a)      A party or non-party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document.  As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information.  The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time the documents are produced or disclosed.  Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.  Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

(b)      The designation of a document as Confidential Information is a certification by an attorney or a party appearing pro se that the document contains Confidential Information as defined in this order.[1]

---

[1] An attorney who reviews the documents and designates them as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER must be admitted to the Bar of at least one state but need not be admitted to practice in the Southern District of Florida unless the lawyer is appearing generally in the case on behalf of a party.  By designating documents confidential pursuant to

4.      **Depositions.**   Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information until the expiration of the 20th day after the transcript is delivered to any party or the witness.  Within this time period, a party or non-party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information, unless otherwise ordered by the Court.  This provision shall not affect a witness's right under Federal Rule of Civil Procedure 30(e) to review his or her deposition transcript for correctness and to sign any corrections to the deposition.

5.      **Protection of Confidential Material.**

(a)      **General Protections.**   Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof. Confidential Information may be disclosed only to the named plaintiff(s) and not to any other member of the putative class unless and until a class including the putative member has been certified.

(b)      **Limited Third-Party Disclosures.**   The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(9). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

i.      **Counsel.**  Counsel for the parties and employees of counsel who

---

this Order, counsel submits to the jurisdiction and sanctions of this Court on the subject matter of the designation.

have responsibility for the action;

ii.  **Parties**.  Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

iii.  **The Court and its personnel**;

iv.  **Court Reporters and Recorders**.  Court reporters and recorders engaged for depositions;

v.  **Contractors**. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

vi.  **Consultants and Experts**.  Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

vii.  **Witnesses at depositions**.  During their depositions, witnesses in this action to whom disclosure is reasonably necessary.  Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts.  Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

viii.  **Author or recipient**. The author or recipient of the document (not including a person who received the document in the course of litigation); and

ix.  **Others by Consent**.  Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(c)  **Control of Documents.**  Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information.  Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

6.     **Inadvertent Failure to Designate.**   An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony.  If a party or non-party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order.  No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

7.     **Non-Waiver of Privilege.**   Pursuant to Federal Rule of Evidence 502(d), the production of a document otherwise subject to protection under the attorney-client privilege, work product doctrine, or any other privilege recognized by applicable law shall not in itself be deemed to be a waiver of that privilege in this matter or in any other proceeding.  Any party or non-party who discovers that a protected document was produced shall notify the other parties within 14 business days of discovery of its production.  The parties to whom the document was produced shall return all copies, whether in hard copy or electronic form, of that document to the producing party or non-party.  If requested by the receiving party, the producing party shall provide a replacement copy of the production media with the privileged document and all related data removed.

8.     **Filing of Confidential Information.**   This Order does not, by itself, authorize the filing of any document under seal.  Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court

must comply with LR 5.4.  It shall be the burden of the party or non-party who has designated a document or deposition transcript as Confidential Information under this Order to provide the legal basis in support of a motion to seal, should the Court require it.

9. **No Greater Protection of Specific Documents.**  Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

10. **Challenges by a Party to Designation as Confidential Information.** The designation of any material or document as Confidential Information is subject to challenge by any party.  The following procedure shall apply to any such challenge.

(a) **Meet and Confer.**  A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party or non-party.  In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation.  The designating party or non-party must respond to the challenge within five (5) business days.

(b) **Judicial Intervention.**  A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure.  The burden of persuasion in any such challenge proceeding shall be on the designating party or non-party.  Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

11.     **Action by the Court.**   Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

12.     **Use of Confidential Documents or Information at Trial.**   Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing.  A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

13.     **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

(a)     If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party or non-party, in writing, immediately and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

(b)     The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order.  In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c)     The purpose of imposing these duties is to alert the interested persons to

the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued.  The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.  The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

14.    **Challenges by Members of the Public to Sealing Orders.**  A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party or non-party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

15.    **Obligations on Conclusion of Litigation.**

(a)    **Order Continues in Force.**  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b)    **Obligations at Conclusion of Litigation.**  Within ninety days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" under this Order, including copies as defined in ¶ 3(a), shall be returned to the producing party unless:  (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return;  or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

(c)    **Retention of Work Product and one set of Filed Documents.**

Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal.  Any retained Confidential Information shall continue to be protected under this Order.  An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

(d)     **Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System.**  Filings under seal shall be deleted from the ECF system only upon order of the Court.

16.     **Order Subject to Modification.**  This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

17.     **No Prior Judicial Determination.**  This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

18.     **Persons Bound.**  This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

*So Ordered.*

Dated: _____, 2018

_____
The Honorable Donald M. Middlebrooks
United States District Judge

**ATTACHMENT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 18-cv-81258-DMM

JUDITH MARILYN DONOFF
on behalf of herself and all others
similarly situated,

      Plaintiffs,

v.
                                          **CLASS ACTION**

DELTA AIR LINES, INC.,

      Defendant.

_____/

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

      The undersigned hereby acknowledges that he/she has read the Confidentiality Order

dated _____in the above-captioned action and attached

hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned

submits to the jurisdiction of the United States District Court for the Southern District of Florida

in matters relating to the Confidentiality Order and understands that the terms of the

Confidentiality Order obligate him/her to use materials designated as Confidential Information in

accordance with the Order solely for the purposes of the above-captioned action, and not to

disclose any such Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.


Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____


Date: _____      _____

                                Signature

Case 3:19-cv-00661-MHL-EWH Document 55-2 Filed 11/10/21 Docket 15672050 Page 149 45

# EXHIBIT 2

**Form LR 26.2**
**MODEL CONFIDENTIALITY ORDER**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil No. |
| | ) | District Judge |
| | ) | Magistrate Judge |
| | ) | |
| Defendant | ) | |

**[Agreed]**[1] Confidentiality Order

**[if by agreement]**  The parties to this Agreed Confidentiality Order have agreed to the terms of this Order; accordingly, it is ORDERED:

**[if not fully agreed]**   A party to this action has moved that the Court enter a confidentiality order.  The Court has determined that the terms set forth herein are appropriate to protect the respective interests of the parties, the public, and the Court. Accordingly, it is ORDERED:

1.    **Scope.**  All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively

---

1        Counsel should include or delete language in brackets as necessary to the specific case.  **Any other changes to this model order must be shown by redlining that indicates both deletions and additions to the model text.** Counsel may also modify this model order as appropriate for the circumstances of the case. This model order is for the convenience of the parties and the court and not intended to create a presumption in favor of the provisions in this model order and against alternative language proposed by the parties.  The court will make the final decision on the terms of any order notwithstanding the agreement of the parties.

"documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2.    **Confidential Information.**   As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories:  (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential;  (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records of a person who is not a party to the case.[2] Information or documents that are available to the public may not be designated as Confidential Information.

3.    **Designation.**

**(a)**    A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document.  As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain

---

[2]    If protection is sought for any other category of information, the additional category shall be described in paragraph 2 with the additional language redlined to show the change in the proposed Order.

the Confidential Information.  The marking "CONFIDENTIAL - SUBJECT TO

PROTECTIVE ORDER" shall be applied prior to or at the time of the documents are

produced or disclosed.  Applying the marking "CONFIDENTIAL - SUBJECT TO

PROTECTIVE ORDER" to a document does not mean that the document has any

status or protection by statute or otherwise except to the extent and for the purposes of

this Order.  Any copies that are made of any documents marked "CONFIDENTIAL -

SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices,

electronic databases or lists of documents that do not contain substantial portions or

images of the text of marked documents and do not otherwise disclose the substance

of the Confidential Information are not required to be marked.

      **(b)**    The designation of a document as Confidential Information is a

certification by an attorney or a party appearing *pro se* that the document contains

Confidential Information as defined in this order.[3]

      **4.**    **Depositions.**[4]

**Alternative A**.  Deposition testimony is protected by this Order only if designated

as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the record at the time

the testimony is taken. Such designation shall be specific as to the portions that contain

---

[3]    An attorney who reviews the documents and designates them as
CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER must be admitted to the Bar of
at least one state but need not be admitted to practice in the Northern District of Illinois
unless the lawyer is appearing generally in the case on behalf of a party.  By
designating documents confidential pursuant to this Order, counsel submits to the
jurisdiction and sanctions of this Court on the subject matter of the designation.

[4]    The parties or movant seeking the order shall select one alternative for
handling deposition testimony and delete by redlining the alternative provision that is
not chosen.

Confidential Information. Deposition testimony so designated shall be treated as Confidential Information protected by this Order until fourteen days after delivery of the transcript by the court reporter to any party or the witness. Within fourteen days after delivery of the transcript, a designating party may serve a Notice of Designation to all parties of record identifying the specific portions of the transcript that are designated Confidential Information, and thereafter those portions identified in the Notice of Designation shall be protected under the terms of this Order. The failure to serve a timely Notice of Designation waives any designation of deposition testimony as Confidential Information that was made on the record of the deposition, unless otherwise ordered by the Court.

**Alternative B.** Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information until the expiration of the following: No later than the fourteenth day after the transcript is delivered to any party or the witness, and in no event later than 60 days after the testimony was given, Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information, unless otherwise ordered by the Court.

5.      **Protection of Confidential Material.**

(a)      **General Protections.**  Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof.  **[INCLUDE IN PUTATIVE CLASS ACTION CASE:**  In a putative class action, Confidential Information may be disclosed only to the named plaintiff(s) and not to any other member of the putative class unless and until a class including the putative member has been certified.**]**

(b)      **Limited Third-Party Disclosures.**  The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(9). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

(1)      **Counsel**. Counsel for the parties and employees of counsel who have responsibility for the  action;

(2)      **Parties.**  Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(3)      **The Court and its personnel;**

(4)      **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

(5)      **Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(6) **Consultants and Experts**. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(7) **Witnesses at depositions**.  During their depositions, witnesses in this action to whom disclosure is reasonably necessary.  Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts.  Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(8) **Author or recipient.** The author or recipient of  the document (not including a person who received the document in the course of litigation); and

(9) Others by Consent.  Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(c) **Control of Documents**.  Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information.  Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

6. **Inadvertent Failure to Designate.**  An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony.  If a party designates a document as

Confidential Information after it was initially produced, the receiving party, on notification

of the designation, must make a reasonable effort to assure that the document is

treated in accordance with the provisions of this Order. No party shall be found to have

violated this Order for failing to maintain the confidentiality of material during a time

when that material has not been designated Confidential Information, even where the

failure to so designate was inadvertent and where the material is subsequently

designated Confidential Information.

7.    **Filing of Confidential Information**.  This Order does not, by itself,

authorize the filing of any document under seal.  Any party wishing to file a document

designated as Confidential Information in connection with a motion, brief or other

submission to the Court must comply with LR 26.2.

8.    **No Greater Protection of Specific Documents.**  Except on privilege

grounds not addressed by this Order, no party may withhold information from discovery

on the ground that it requires protection greater than that afforded by this Order unless

the party moves for an order providing such special protection.

9.    **Challenges by a Party to Designation as Confidential Information.**

The designation of any material or document as Confidential Information is subject to

challenge by any party.  The following procedure shall apply to any such challenge.

(a)    **Meet and Confer**.  A party challenging the designation of

Confidential Information must do so in good faith and must begin the process by

conferring directly with counsel for the designating party.  In conferring, the challenging

party must explain the basis for its belief that the confidentiality designation was not

7

proper and must give the designating party an opportunity to review the designated

material, to reconsider the designation, and, if no change in designation is offered, to

explain the basis for the designation.  The designating party must respond to the

challenge within five (5) business days.

        **(b)**    **Judicial Intervention.**  A party that elects to challenge a

confidentiality  designation may file and serve a motion that identifies the challenged

material and sets forth in detail the basis for the challenge.  Each such motion must be

accompanied by a competent declaration that affirms that the movant has complied

with the meet and confer requirements of this procedure.  The burden of persuasion in

any such challenge proceeding shall be on the designating party.  Until the Court rules

on the challenge, all parties shall continue to treat the materials as Confidential

Information under the terms of this Order.

       **10.**    **Action by the Court.**  Applications to the Court for an order relating to

materials or documents designated Confidential Information shall be by motion.

Nothing in this Order or any action or agreement of a party under this Order limits the

Court's power to make orders concerning the disclosure of documents produced in

discovery or at trial.

       **11.**    **Use of Confidential Documents or Information at Trial.**  Nothing in this

Order shall be construed to affect the use of any document, material, or information at

any trial or hearing.  A party that intends to present or that anticipates that another party

may present Confidential information at a hearing or trial shall bring that issue to the

Court's and parties' attention by motion or in a pretrial memorandum without disclosing

the Confidential Information. The Court may thereafter make such orders as are

necessary to govern the use of such documents or information at trial.

12.     **Confidential Information Subpoenaed or Ordered Produced in Other**

**Litigation.**

(a)     If a receiving party is served with a subpoena or an order issued in

other litigation that would compel disclosure of any material or document designated in

this action as Confidential Information, the receiving party must so notify the

designating party, in writing, immediately and in no event more than three court days

after receiving the subpoena or order.  Such notification must include a copy of the

subpoena or court order.

(b)     The receiving party also must immediately inform in writing the

party who caused the subpoena or order to issue in the other litigation that some or all

of the material covered by the subpoena or order is the subject of this Order.  In

addition, the receiving party must deliver a copy of this Order promptly to the party in

the other action that caused the subpoena to issue.

(c)     The purpose of imposing these duties is to alert the interested

persons to the existence of this Order and to afford the designating party in this case an

opportunity to try to protect its Confidential Information in the court from which the

subpoena or order issued.  The designating party shall bear the burden and the

expense of seeking protection in that court of its Confidential Information, and nothing

in these provisions should be construed as authorizing or encouraging a receiving party

in this action to disobey a lawful directive from another court.  The obligations set forth

9

in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

      **13.**    **Challenges by Members of the Public to Sealing Orders.**  A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal,  and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

      **14.**    **Obligations on Conclusion of Litigation.**

          **(a)**    **Order Continues in Force.**  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

          **(b)**    **Obligations at Conclusion of Litigation.**  Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" under this Order, including copies as defined in ¶ 3(a), shall be returned to the producing party unless:  (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return;[5] or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

---

      5    The parties may choose to agree that the receiving party shall destroy documents containing Confidential Information and certify the fact of destruction, and that the receiving party shall not be required to locate, isolate and return e-mails (including attachments to e-mails) that may include Confidential Information, or Confidential Information contained in deposition transcripts or drafts or final expert reports.

       **(c)**     **Retention of Work Product and one set of Filed Documents.**
Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal.  Any retained Confidential Information shall continue to be protected under this Order.  An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

       **(d)**     **Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System.**  Filings under seal shall be deleted from the ECF system only upon order of the Court.

     **15.**     **Order Subject to Modification**.  This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

     **16.**     **No Prior Judicial Determination.**  This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery.  Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

17.     **Persons Bound.**  This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

*So Ordered.*

Dated: _____     _____
                                        U.S. District Judge
                                        U.S. Magistrate Judge

**[Delete signature blocks if not wholly by agreement]**

**WE SO MOVE**                          **WE SO MOVE**
**and agree to abide by the**           **and agree to abide by the**
**terms of this Order**                 **terms of this Order**


_____          _____
Signature                               Signature


_____          _____
Printed Name                            Printed Name


Counsel for: _____          Counsel for: _____


Dated: _____                        Dated: _____

**ATTACHMENT A**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| | ) | Civil No. |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant | ) | |

**ACKNOWLEDGMENT**
**AND**
**AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Confidentiality

Order dated _____ in the above-captioned action and

attached hereto, understands the terms thereof, and agrees to be bound by its terms.

The undersigned submits to the jurisdiction of the United States District Court for the

Northern District of Illinois in matters relating to the Confidentiality Order and

understands that the terms of the Confidentiality Order obligate him/her to use materials

designated as Confidential Information in accordance with the Order solely for the

purposes of the above-captioned action, and not to disclose any such Confidential

Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____       _____

                                 Signature

Adopted 06/29/12

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No.: 18-81258-CV-MIDDLEBROOKS

JUDITH MARILYN DONOFF, on behalf
of herself and all others similarly situated,

      Plaintiffs,

v.

DELTA AIR LINES, INC.,

      Defendant.

_____/

## STIPULATED PROTECTIVE ORDER

THIS CAUSE comes before the Court upon the Parties' Joint Motion for Entry of Protective Order to Govern Discovery (DE 31), filed December 5, 2018 ("Motion"). While I find good cause to enter the Stipulated Protective Order, I caution that the mere designation as "Confidential" by a party will not influence my decision to seal a court filing on a subsequent motion. If either party later seeks approval to submit a document under seal, such party should support a motion to file under seal with the specific reasons that justify it.

Pursuant to the Local Rules of the Southern District of Florida, "[u]nless otherwise provided by law, Court rule or Court order, proceedings in the United States District Court are public and Court filings are matters of public record." S.D. Fla. L. R. 5.4(a). It is clearly established that the general public possesses a common-law right to access judicial records and that judicial records are presumed to be public documents. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *see also Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001).

Judicial records are presumed to be public documents because "[o]nce a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." *See Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992). With respect to discovery material, "material filed with discovery motions is not subject to the common-law right of access, whereas discovery material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right." *Chicago Tribune*, 263 F.3d at 1312.

"The common law right of access may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (quoting *Chicago Tribune*, 263 F.3d at 1309). When determining whether good cause to seal exists, a district court must first look to "the nature and the character of the information in question." *Id.* (quoting *Chicago Tribune*, 263 F.3d at 1315). When balancing the public's common-law right to access judicial records "against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Id.* (citing *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987)). The Eleventh Circuit ruled that a "party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Id.* (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

2

In attempting to file something under seal with the Court, the Parties shall bear in mind these standards and comply with Local Rule 5.4. Specifically, the Parties must provide the Court with more than just the existence of an agreement between them. The Protective Order binds the Parties, not the Court, and good cause must still be shown before a filing is sealed.

Further, the Court advises the parties that it will consider sanctioning a party if the Protective Order is abused or a designation is found to be frivolous.

Accordingly, it is **ORDERED** that Parties' Joint Motion for Entry of Protective Order to Govern Discovery (DE 31) is **GRANTED**. The Stipulated Protective Order (DE 31, Exhibit A) is adopted and incorporated in its entirety.

**DONE AND ORDERED** in Chambers in West Palm Beach, Florida, this _13_ day of December, 2018.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record

3

# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 18-cv-62193-SCOLA/SNOW

MILITA BARBARA DOLAN,
on behalf of herself and all others
similarly situated,

       Plaintiffs,

                                                   **CLASS ACTION**

v.

JETBLUE AIRWAYS CORPORATION,

       Defendant.
_____/

## PROTECTIVE ORDER GOVERNING DISCOVERY

THIS CAUSE is before the Court on the parties' Joint Motion for Entry of a Protective Order to Govern Discovery. (ECF No. 34) For good cause shown, it is

ORDERED and ADJUDGED that the Joint Motion (ECF No. 34) be GRANTED, as follows:

1.      **Scope.** This Order shall be applicable to all materials produced or adduced in the course of pre-trial discovery, whether by a party or a non-party, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), and shall remain in effect until further order of the Court.

2.      All documents produced in this action, including, but not limited to, documents designated as Confidential Information pursuant to this Order, shall be used only for the purposes of this action, and not for any other business, competitive, personal, private, public, or other purpose whatsoever, unless permitted by Court order.

3.      The Parties agree that issues relating to the use of Confidential Information, as defined below, will be revisited as part of the pre-trial conference, after the parties have identified trial exhibits and witnesses, with the intent of revisiting this Order or creating a new protective order to govern the trial phase of the case.  This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

4.      **Confidential Information.**  As used in this Order, "Confidential Information" means information produced by a Party or non-party that the Party or non-party considers in good faith, pursuant to Federal Rule of Civil Procedure 26 and applicable case law, to contain trade secrets and/or other commercial, proprietary, research, development, or personal information that is not known to, or has not generally been made available to the public.

5.      **Designation.**

(a)      A party or non-party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document.  As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information.  The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time the documents are produced or disclosed.  Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.  Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

2

(b)     The designation of a document as Confidential Information is a certification by an attorney or a party appearing pro se that the document contains Confidential Information as defined in this order.[1]

6.     **Depositions.**   Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information until the expiration of the 30th day after the transcript is delivered to any party or the witness.  Within this time period, a party or non-party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information, unless otherwise ordered by the Court.  This provision shall not affect a witness's right under Federal Rule of Civil Procedure 30(e) to review his or her deposition transcript for correctness and to sign any corrections to the deposition.

7.     **Protection of Confidential Material.**

(a)     **General Protections.**   Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b)

---

[1] An attorney who reviews the documents and designates them as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER must be admitted to the Bar of at least one state but need not be admitted to practice in the Southern District of Florida unless the lawyer is appearing generally in the case on behalf of a party.  By designating documents confidential pursuant to this Order, counsel submits to the jurisdiction and sanctions of this Court on the subject matter of the designation only.  The provision does not affect the right of a non-party which provides testimony or documents that are designated as CONFIDENTIAL to have any and all issues relating to a subpoena other than designation, including but not limited to disputes over objections, or the completeness of production or testimony, be heard in the jurisdiction in which compliance with the subpoena is to occur under Rule 45.

for any purpose whatsoever other than in this litigation, including any appeal thereof. Confidential Information may be disclosed only to the named plaintiff(s) and any certified class representatives and not to any other member of the putative class unless the putative member has been certified as a class representative.

(b)      **Limited Third-Party Disclosures.**  The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(9).   And Confidential Information shall not be disclosed to the persons or entities set forth in subparagraphs (1)-(9) without first furnishing to such person a copy of this Order and obtaining from that person an executed Confidentiality Affidavit in the form set forth in Attachment A.   Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

  i.  **Counsel**.  Counsel for the parties and designating non-party counsel, and employees of counsel who have responsibility for the action;

  ii.  **Parties**.   Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

  iii.  **The Court and its personnel**;

  iv.  **Court Reporters and Recorders**.  Court reporters and recorders engaged for depositions;

  v.  **Contractors**. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

  vi.  **Consultants and Experts**.  Consultants[2], investigators, or experts

---

[2] The term "consultants" as used in this Protective Order shall refer to non-testifying experts retained because their expertise is required for preparation of the prosecution or defense of this action, and who are bound by the requirement to only use the information disclosed to them for the purposes of

4

employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

vii. **Witnesses at depositions**. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order**;**

viii. **Author or recipient**. The author or recipient of the document (not including a person who received the document in the course of litigation); and

ix. **Others by Consent**. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(c)     **Control of Documents.**  Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

8.     **Inadvertent Failure to Designate.**  An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony.  If a party or non-party designates a document as Confidential Information after it was initially produced,

---

this action.  No person whose sole expertise is litigation shall qualify as a consultant under this definition.

the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order.  No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

9.  **Non-Waiver of Privilege.**  Pursuant to Federal Rule of Evidence 502(d), the production of a document otherwise subject to protection under the attorney-client privilege, work product doctrine, or any other privilege recognized by applicable law shall not in itself be deemed to be a waiver of that privilege in this matter or in any other proceeding.  Any party or non-party who discovers that a protected document was produced shall notify the other parties within 14 business days of discovery of its production.  The parties to whom the document was produced shall return all copies, whether in hard copy or electronic form, of that document to the producing party or non-party.  If requested by the receiving party, the producing party shall provide a replacement copy of the production media with the privileged document and all related data removed.

10.  **Filing of Confidential Information.**  This Order does not, by itself, authorize the filing of any document under seal.  Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must first notify the Party or non-party who has designated the document(s) as Confidential Information, and must comply with the requirements of Local Rule 5.4 for Filings Under Seal.  It shall be the burden of the party or non-party who has designated a document or deposition transcript as Confidential Information under this Order to provide the legal basis in support of a motion to seal.

11.    **No Greater Protection of Specific Responsive Information.**  Except on privilege grounds not addressed by this Order, no party may withhold responsive information from discovery on the ground that it requires protection greater than that afforded by this Order unless to assert statutory or privacy rights, including but not limited to HIPAA (Health Insurance Portability and Accountability Act of 1996), or unless the party moves for an order providing such special protection.

12.    **Challenges by a Party to Designation as Confidential Information.** The designation of any material or document as Confidential Information is subject to challenge by any party.  The following procedure shall apply to any such challenge.

(a)    **Meet and Confer.**  A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party or non-party.  In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation.  The designating party or non-party must respond to the challenge within five (5) business days.

(b)    **Judicial Intervention.**  If the dispute cannot be resolved through the meet and confer process, the objecting party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure.  The burden of persuasion in any such challenge proceeding shall be on the designating party or non-party.  Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

13.     **Action by the Court.**  Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

14.     **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

(a)     If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party or non-party, in writing, immediately and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

(b)     The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order.  In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c)     The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued.  The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.  The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

15.     **Obligations on Conclusion of Litigation.**

(a)     **Order Continues in Force.**  Unless otherwise agreed or ordered, this Order, or any subsequent Order entered to govern the use of Confidential Material during the trial of this matter, shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b)     **Obligations at Conclusion of Litigation.**  Within ninety days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" under this Order, including copies as defined in ¶ 3(a), shall be returned to the producing party unless:  (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return;  or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

(c)     **Retention of Work Product and one set of Filed Documents.**  Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal.  Any retained Confidential Information shall continue to be protected under this Order.  An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

(d)     **Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System.**  Filings under seal shall be deleted from the ECF system only upon order of the Court.  Any document filed under seal does not lose that status upon conclusion of the litigation.

16.     **Order Subject to Modification.**  This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

17.     **No Prior Judicial Determination.**  This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery.  Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

18.     **Persons Bound.**  This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

     **DONE AND ORDERED at Fort Lauderdale, Florida, this 31st day of December, 2018.**

_Lurana S. Snow_
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

**ATTACHMENT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 18-cv-62193-SCOLA/SNOW

MILITA BARBARA DOLAN,
on behalf of herself and all others
similarly situated,

      Plaintiffs,

                                    **CLASS ACTION**

vs.

JETBLUE AIRWAYS CORPORATION,

      Defendant.

_____/

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

      The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated

_____ in the above-captioned action and attached

hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned—as

an authorized party to whom confidential information may be provided pursuant to Paragraph

7(b)—submits to the jurisdiction of the United States District Court for the Southern District of

Florida[3] in matters relating to the Confidentiality Order and understands that the terms of the

Confidentiality Order obligate him/her to use materials designated as Confidential Information in

accordance with the Order solely for the purposes of the above-captioned action, and not to disclose

any such Confidential Information to any other person, firm or concern.

_____

[3] This acknowledgment does not apply to a non-party who testifies or produces documents pursuant
to a Rule 45 subpoena issued from this court and designates any such testimony or document(s) as
Confidential Information for protection under this Order.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

                               _____

                               _____

Date: _____       _____

                                    Signature